David Boyd KERR, Plaintiff,

v.

ORELLANA, Female Correctional Officer at Coffeewood Correctional Center, S.T. Hill, Inmate Hearings Officer at Coffeewood Correctional Center, G.P. Dodson, Warden at Coffeewood Correctional Center, and L.W. Huffman, Regional Director, Division of Institutions, Northern Region II, Defendants.

Action No. 2:96cv856.

United States District Court,
E.D. Virginia,
Norfolk Division.

July 7, 1997.

## OPINION AND FINAL ORDER

JACKSON, District Judge.

Plaintiff, a Virginia inmate, brings this *pro se* action pursuant to 42 U.S.C. § 1983, to redress alleged violations of his constitutional rights. Specifically, plaintiff claims that he was denied due process at an institutional infraction hearing. Plaintiff seeks declaratory and injunctive relief as well as monetary damages.

### I. Procedural History

After plaintiff qualified to proceed in *forma pauperis,* defendants filed a Motion to Dismiss and a Memorandum in support thereof.

In accordance with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), plaintiff was given an opportunity to respond to defendants' motion with any material that he wished to offer in rebuttal. Plaintiff was instructed that failure to submit any materials could result in an adverse judgment based on defendants' motion and accompanying affidavits. Plaintiff has responded to defendants' Motion to Dismiss with a Motion for Summary Judgment. Accordingly, this matter is ready for judicial determination.

### II. Facts

Plaintiff received an institutional charge stemming from an interaction between plaintiff and Correctional Officer Orellana (Orellana) on February 23, 1996. Plaintiff was charged with threatening bodily harm to any person. The offense description stated "On the above date and time inmate Kerr, D. 211077 was leaving the building[.] I asked him where he was going. He told me it don't matter. The officer in the controll[sic] room poped[sic] the door. I told him to stand their[sic] untill[sic] I find out. He baled[sic] up his fist and threatened me twice in such manner this charge is being written in accordance to DOP 861." Plaintiff alleges that the charge was made in retaliation, and that Orellana made racial slurs toward him.

At his hearing, plaintiff was told that none of the witnesses he requested had submitted a witness statement. Plaintiff was convicted. Plaintiff appealed this conviction. Plaintiff's appeal was granted because it had never been written into the record that the witnesses did not choose to give statements. Another hearing was scheduled. Plaintiff asked the inmate advisor to secure his witnesses for him. At the rehearing, no witnesses were present and no witness statements were submitted. Plaintiff claims that he was required to have inmate numbers as well as names for his witnesses. In addition, plaintiff claims that the hearing officer found him guilty before plaintiff had an opportunity to present evidence. Plaintiff also claims that there was insufficient reason given for finding him guilty.

## III. Analysis

In construing a motion to dismiss, the facts alleged in plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. *Estelle v. Gamble,* 429 U.S. 97, 106–09, 97 S.Ct. 285, 292–94, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

■ The Supreme Court has recently addressed the issues raised in plaintiff's complaint. In *Edwards v. Balisok,* —— U.S. ——, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Court determined that *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), applies in the context of challenges to the procedures employed in institutional hearings. That case is strikingly similar to the at bar. In *Balisok,* the plaintiff claimed he was "denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence." —— U.S. at ——, 117 S.Ct. at 1588. At Balisok's hearing, he was told that no witness statements had been submitted. *Id.* In addition, Balisok claimed that the hearing officer was biased. *Id.* The Court determined that Balisok's claims would necessarily imply the invalidity of his conviction. Accordingly, his claims for declaratory relief and monetary damages were not cognizable under section 1983. *Id.* at —— – ——, 117 S.Ct. at 1588–89. It is clear that plaintiff's claims that he was denied witnesses, that he was prevented from presenting exculpatory evidence, and that the hearing officer found him guilty prior to the completion of the hearing, would necessarily imply the invalidity of his conviction. Accordingly, the court **FINDS** that plaintiff's claim is not cognizable under section 1983 until plaintiff can show that his conviction has been invalidated.

■ In *Balisok,* the Court found that the claims for prospective relief would not necessarily imply the invalidity of plaintiff's conviction. However, Balisok's claim for injunctive relief was not related to his claims regarding his conviction. *Id.* at ——, 117 S.Ct. at 1589. In the case at bar, plaintiff's claims for injunctive relief include expungement of the conviction from his record, an investigation and retraining of the officers involved. These claims are all directly related to plaintiff's claim regarding his conviction. Accordingly, the court **FINDS** that plaintiff's claims for injunctive relief are not cognizable under section 1983 until he can show that the conviction underlying these claims has been invalidated.

Therefore, Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is **GRANTED.** For the same reasons, plaintiff's Motion for Summary Judgment is **DENIED.** This action is **ORDERED DISMISSED.**

### IV. Conclusion

For the aforementioned reasons, the court **GRANTS** defendants' Motion to Dismiss and **DENIES** plaintiff's motion for Summary Judgment.

Plaintiff is advised that he may appeal from this Opinion and Final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

IT IS SO **ORDERED.**