**Ramel MAHOTEP, Plaintiff,**

v.

**C.O. Nick DeLUCA, et al., Defendants.**

**No. 94–CV–6211L.**

United States District Court,
W.D. New York.

May 1, 1998.

Ramel Mahotep, New York, pro se.

Emil J. Bove, James L. Gelormini, Office of New York State Attorney General, Rochester, NY, for Nick DeLuca, C.O., Ellis, Sgt., Brunnelle, Dep. Supt., Dixon, Lt., Attica C.F., Yackeren, C.O., Attica C.F., Stanciwicz, C.O., Attica C.F., Donnelly, D.S.S., Attica C.F., Martzolf, Attica, S.H.U., McSweeney, I.G.P., defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

This action is brought pursuant to 42 U.S.C. § 1983. Plaintiff, Ramel Mahotep ("Mahotep"), alleges that defendants, Correction Officer Nick DeLuca ("DeLuca"), Correction Sergeant Gary Ellis ("Ellis"), Correction Officer Craig Yackeren ("Yackeren"), Correction Officer Harold Martzolf ("Martzolf"), Executive Assistant Edward McSweeney ("McSweeney"), Correction Lieutenant Thomas Dixon ("Dixon"), Deputy Superintendent for Security Edward Donnelly ("Donnelly"), and First Deputy Superintendent Charles Brunelle ("Brunelle"), violated his constitutional rights while he was incarcerated at Attica Correctional Facility.[1]

Defendants have moved for summary judgment. For the following reasons, defen-

---

1. Mahotep also named Correction Officer Stanciewicz as a defendant but it does not appear that he was ever served with the complaint. As such, Stanciewicz is not a party to the present action.

dants' motion is granted, in part, and denied, in part.

## FACTS

Mahotep claims that on December 29, 1993, he was physically assaulted by DeLuca, Ellis and Yackeren. As a result of the assault, according to Mahotep, he was hospitalized for fifty days and suffered numerous injuries, including a ruptured testicle, a pinched nerve in his left ankle, severe back pain, and headaches. Mahotep alleges that the assault was in retaliation for his filing of three inmate grievance complaints against defendants DeLuca and Ellis, about a week earlier, on December 21, 1993, which grievances complained about racial harassment and religious persecution. Mahotep further alleges that Brunelle, Donnelly, and Dixon conspired to deny Mahotep due process by forging documents with the intention of denying him a fair and impartial superintendent's hearing. McSweeney, Mahotep claims, "conspired with Attica to deny fair and impartial investigations in the grievance mechanism...." Finally, Mahotep alleges that defendant Martzolf verbally threatened him, threw his food on the floor and threw water on Mahotep's legal papers.

## DISCUSSION

Mahotep alleges, in his complaint, that defendants: (1) inflicted cruel and unusual punishment on him in violation of the Eighth Amendment; (2) deprived him of his right to petition the government for redress of grievances under the First Amendment; and (3) denied him due process of law under the Fourteenth Amendment.

### I. Summary Judgment Standard

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir.1994). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991). To defeat summary judgment, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. Plaintiff's Eighth Amendment Claim

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Cont. Amend. VIII. In considering whether a prison official has subjected an inmate to cruel and unusual punishment through the use of excessive force, a court must consider both an objective and a subjective component. *Branham v. Meachum*, 77 F.3d 626, 630 (2d Cir.1996); *Romano v. Howarth*, 998 F.2d 101, 104–05 (2d Cir.1993).

Objectively, the plaintiff must establish that the alleged deprivation is sufficiently serious or harmful enough to reach constitutional dimensions. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997); *Romano*, 998 F.2d at 105. Subjectively, in the context of an Eighth Amendment excessive force claim, the plaintiff must establish that the defendants acted "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

The Eighth Amendment's prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* 503 U.S. at 9–10 (Quotations omitted). Therefore, "[n]ot every push or shove, even if

it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). That is not to say, however, that a plaintiff must demonstrate that he suffered significant injury to satisfy an Eighth Amendment cruel-and-unusual-punishment claim. *Hudson*, 503 U.S. at 9, 112 S.Ct. 995. "The extent of the plaintiff's injury is just one factor to be considered in determining whether force used by correctional officials was excessive." *Shabazz v. Pico*, 994 F.Supp. 460 (S.D.N.Y.1998). Other factors a court must consider include "... the need for the application of force, the correlation between the need for force and the amount of force used, the threat reasonably perceived by the defendants, and any efforts made by the defendants to temper the severity of a forceful response." *Brown v. Busch*, 954 F.Supp. 588, 594 (W.D.N.Y.1997), citing *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

▪ Here Mahotep alleges that Ellis, Yackeren and DeLuca held Mahotep's legs apart while he was down on the ground, kicked him repeatedly in the groin, stomped on his chest and back, and attempted to cover his nose and mouth. Mahotep claims that as a result of the assault he suffered a ruptured testicle, groin damage, experienced severe pain, suffered a pinched nerve in his left ankle and suffered a severe asthmatic attack that necessitated a lengthy hospital stay.

Defendants, on the other hand, deny Mahotep's allegations and instead claim that they used only the force necessary to restrain Mahotep from assaulting DeLuca. Defendants further allege that the medical reports demonstrate that Mahotep suffered

no more than a cut lip and that his admission to the hospital was the result of Mahotep suffering an asthma attack unrelated to the alleged assault.

▪ The parties offer vastly different versions of what transpired between Mahotep and the defendants. If Mahotep's version of events is believed, there is sufficient evidence to support a finding that defendants used excessive force against him. Therefore, viewing the facts in the light most favorable to Mahotep, as I must, there are genuine issues of material fact that are in dispute that preclude me from granting summary judgment for Ellis, Yackeren and DeLuca on Mahotep's Eighth Amendment claim.[2]

### III. Plaintiff's First Amendment Claim

Mahotep asserts that defendants DeLuca, Ellis and Yackeren deprived him of his First Amendment right to petition the government for redress of grievances. Specifically, Mahotep claims that he was assaulted in retaliation for having filed three grievances against DeLuca and Ellis. Those grievances, filed on December 21, 22, and 27, 1993, alleged that Mahotep was being harassed and assaulted by DeLuca and Ellis because of previous complaints he made about them and because of a previous complaint Mahotep had filed in federal court.

▪ It is well settled that inmates have a right to petition the government for redress of grievances, and prison officials may not retaliate against inmates for exercising that right. *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1995). The right to petition the government for redress of grievances includes the right to file lawsuits as well as the right to pursue administrative grievances. *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir.1988).

---

**2.** Mahotep also alleges that defendant Martzolf violated his Eighth Amendment rights by verbally threatening and harassing him. "To the extent plaintiff seeks to assert a claim of verbal abuse, this Court notes that harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."

*Shabazz*, 994 F.Supp. at 474. See also *Hurdle v. Ackerhalt*, 1993 WL 71370, at *1–2 (N.D.N.Y. Mar. 8, 1993)(allegations of harassment and threats do not rise to the level of a constitutional violation).

I find that Mahotep's claims against Martzolf do not rise to the level of a constitutional violation. Therefore, Martzolf's motion for summary judgment is granted and he is dismissed as a defendant to this action.

To establish a claim for retaliation under § 1983, a plaintiff must demonstrate that his conduct was protected by the First Amendment and that the defendants' conduct was motivated by or substantially caused by an exercise of his First Amendment rights. *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir.1994): *Alnutt v. Cleary*, 913 F.Supp. 160, 168 (W.D.N.Y.1996).

Courts, recognizing that claims of retaliation by prisoners can be easily abused, have held that a retaliation claim that is "wholly conclusory" can be dismissed on the pleadings alone. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996), quoting *Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir.1994).

In the present case, defendants urge this court to dismiss Mahotep's retaliation claim against all three defendants, arguing that his claim is summary in nature and does not allege any circumstance that would establish that the defendant's conduct was a response to protected behavior. Defendant's Memorandum of Law, p. 19. I disagree.

Mahotep's conduct in filing the grievances against DeLuca and Ellis was clearly protected by the First Amendment's guarantee of the right to petition the government for redress of grievances. Further, although there is no allegation that DeLuca and/or Ellis stated expressly that they were retaliating against him because of the grievances, the alleged assault occurred close enough in time to the grievances so as to allow a reasonable jury to conclude that DeLuca's and Ellis' alleged conduct was intended to discourage Mahotep from pursuing his grievances. The alleged assault occurred approximately one week after Mahotep filed the three grievances. In those grievances, Mahotep claimed that DeLuca and Ellis were harassing him and, in one of the grievances, Mahotep claimed that he had been threatened with retaliation. Although Mahotep

and DeLuca deny that they retaliated against Mahotep for the grievances he filed and deny that the assault even occurred, this factual controversy must be resolved at trial.

The retaliation claim against Yackeren, however, must be dismissed. The grievances that Mahotep alleges form the basis of the retaliation named DeLuca and Ellis. Yackeren was not named in any of the three grievances. Further, Mahotep does not allege, and there is no evidence to suggest, that Yackeren was even aware of the existence of the grievances. Therefore, Mahotep's retaliation claim against Yackeren is wholly conclusory and must be dismissed.

In short, I find that there are material issues of fact in dispute regarding whether DeLuca and Ellis assaulted Mahotep in retaliation for the grievances he had filed. Therefore, I deny DeLuca's and Ellis' motion for summary judgment on Mahotep's First Amendment claim. I grant Yackeren's motion for summary judgment relative to Mahotep' First Amendment claim.

## IV. Plaintiff's Fourteenth Amendment Claim

Mahotep claims that Donnelly and Brunelle "falsified documents, lied, cajoled and intentionally with personal knowledge denied plaintiff due process." Plaintiff's Statement of Material Facts of Genuine Issue, ¶ 5. Further, Mahotep alleges that Brunelle, Donnelly and Dixon "conspired to deny me due process, forged documents to contain me to S.H.U. by denying me a fair and impartial supt. hearing[s] and by blatant pre-conceived guilt." Plaintiff's complaint, Part IV.

Mahotep complains primarily about the Tier III disciplinary hearing that commenced on January 19, 1994 and concluded on January 29, 1994.[3] The hearing was held before

**3.** Mahotep also alleges that McSweeney, the Director of the Inmate Grievance Program, violated his 14th Amendment rights by lying and forging documents and by failing to conduct a fair and impartial investigation into grievances that Mahotep had filed against certain correction officers. This claim must be dismissed. Prison grievance procedures do not confer any substantive right upon an inmate. Thus, "it does not

give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.), *cert. denied*, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995). Furthermore, even if Mahotep did have a protected liberty interest in the grievance procedure, he has failed to come forward with any evidence

hearing officer Dixon to dispose of two misbehavior reports issued against Mahotep. Dixon found Mahotep guilty of several prison infractions and sentenced him to 120 days in S.H.U., 3 months recommended loss of good time credits, 60 days of keeplock, and 180 days loss of telephone privileges. The disposition was affirmed on administrative appeal.

Defendants now move for summary judgment. Relying on *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), defendants argue that Mahotep's punishment did not abridge a liberty interest requiring due process protection. Alternatively, defendants assert that Mahotep was afforded all the process that was due him. Dixon also contends that qualified immunity shields him from liability. Finally, defendants Brunelle, Donnelly and McSweeney maintain that they lack sufficient personal involvement to be held liable.

In order to reach the merits of Mahotep's claimed procedural infringements the Court must first conclude that Mahotep had a liberty interest in remaining free from the penalties imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In the present case, however, I need not decide whether Mahotep's confinement to S.H.U. for 120 days implicates a liberty interest because part of Mahotep's sentence was also a recommended loss of good-time credits, which clearly does implicate a liberty interest. *See Sandin*, 115 S.Ct. at 2302; *McGuinness v. Dubois*, 75 F.3d 794, 797, n. 3 (1st Cir.1996).

Although Mahotep's loss of good-time credits implicates a constitutionally protected liberty interest, his due process claim is nonetheless precluded by *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Edwards*, the United States Supreme Court determined that an inmate's suit for damages pursuant to 42 U.S.C. § 1983, arising out of alleged procedural due process violations during a prison disciplinary hearing which resulted in loss of

good time credits, was barred by its prior decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, an inmate's claim for damages resulting from alleged due process violations which occurred during his criminal trial was found not cognizable under 42 U.S.C. § 1983 because a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Until the conviction was invalidated on direct appeal or by a habeas corpus petition, no civil action for damages would lie. *Id.* 512 U.S. at 487, 114 S.Ct. 2364 *cited in, Edwards*, 117 S.Ct. at 1586. See *Burnell v. Coughlin*, 975 F.Supp. 473, 476–78 (W.D.N.Y.1997).

In *Edwards*, the principal procedural defect claimed by the inmate was the deceit and bias of the hearing officer. The Court found that, if established, such a claim would necessarily imply the invalidity of the punishment imposed. *Id.* 117 S.Ct. at 1588. Because the inmate's claims were of a type that would necessarily imply the invalidity of the punishment imposed and because the "conviction" had never been overturned, the Court found that the inmate's claim for declaratory relief and money damages was not cognizable under § 1983. *Id.* 117 S.Ct. at 1589.

It is clear that *Edwards* precludes Mahotep's due process claims in the present case. Mahotep claims that hearing officer Dixon was biased and pre-judged his guilt, and that Dixon, Brunelle and Donnelly lied and forged documents in order to deny Mahotep his due process rights. Although Mahotep's claims against Dixon, Brunelle, and Donnelly are somewhat vague, the claims are of a type which, if true, would necessarily imply the invalidity of Mahotep's 'conviction.' See *Stone–Bey v. Barnes*, 120 F.3d 718, 722 (7th Cir.1997) (inmate's claim that there was insufficient evidence, and also that there was no written explanation—as "merely a complement to the first" claim—not cognizable

---

whatsoever to support his claim against McSweeney. To avoid summary judgment, the non-moving party must come forward with "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Here, Mahotep has

provided the Court with nothing more than conclusory allegations against McSweeney that are insufficient to overcome McSweeney's motion for summary judgment. See *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir.1989); *Bey v. Eggleton*, 1998 WL 118158, *2 (S.D.N.Y. March 17, 1998).

under § 1983 because such claims would imply the invalidity of his conviction); *Brodie v. Kuhlman,* 1997 WL 411932, *1 (S.D.N.Y. Jul 23, 1997)(inmate's claims of "due process deprivation and bias" not cognizable under § 1983 because they "necessarily imply the invalidity of the punishment imposed"); *Kerr v. Orellana,* 969 F.Supp. 357, 358 (E.D.Va.1997)(inmate's claims that he was denied witnesses, prevented from presenting exculpatory evidence, and that the hearing officer prematurely found him guilty, not cognizable under § 1983 because they would necessarily imply the invalidity of his conviction); *Cooper,* 1997 WL 361879 at *3 (inmate's claims that he was denied right to cross-examine witnesses, to present evidence, to call witnesses, and that the hearing officer predetermined his guilt using fabricated disciplinary reports, not cognizable under § 1983 because they would imply the invalidity of his punishment).

In accordance with *Edwards* and *Heck,* I find that Mahotep must assert the challenges concerning his disciplinary hearing 'directly'—*i.e.,* via appeal, habeas corpus petition or other collateral attack. He may not assert these claims pursuant to § 1983 because, to date, the disciplinary hearing 'conviction' has not been invalidated. Accordingly, I find that *Edwards* bars all of Mahotep's Fourteenth Amendment claims and this suit should be dismissed as to that cause of action.

▪ Furthermore, even if *Edwards* does not bar Mahotep's Fourteenth Amendment claim, I find that Mahotep was afforded all the process he was due in the course of his disciplinary hearing. Whenever a liberty interest is involved, inmates in prison disciplinary hearings are entitled to certain due process protections. These protections include: (1) advance written notice of the claimed violation; (2) a written statement of the hearing officer as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity for the inmate to call witnesses and present evidence in his defense as long as that process would not jeopardize institutional safety or correctional goals. *Wolff,* 418 U.S. at 563–67, 94 S.Ct. 2963. Furthermore, "[a]n inmate subject to a disciplinary hearing is entitled to an impartial hearing officer." *Allen v. Cuomo,* 100 F.3d 253, 258 (2d Cir.1996). Finally, "due process requires 'that there be some evidence to support the findings made in the disciplinary hearing.'" *Zavaro v. Coughlin,* 970 F.2d 1148, 1152 (2d Cir.1992) (quoting *Superintendent v. Hill,* 472 U.S. 445, 457, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)).

I find that all of the above requirements of due process have been met in the instant action. Mahotep did receive advance written notice of the charges against him, he was allowed an opportunity to call witnesses and present evidence in his defense, and Dixon, the hearing officer did provide Mahotep with a written statement of the evidence that he relied upon in reaching his determination and imposing the sentence that he did. Further, there was certainly sufficient evidence in the form of testimony from several correctional officers to support Dixon's findings for due process purposes.

There is no indication, other than Mahotep's bald assertions, to support Mahotep's allegation that Dixon was biased or prejudged Mahotep's guilt. Further, there is nothing in the record to support Mahotep's allegations that Brunelle and Donnelly lied and forged documents.

Thus, Mahotep's claim that he was denied due process in the course of his disciplinary hearing is without merit and must be dismissed.

## CONCLUSION

Defendants' motion for summary judgment (docket entry # 50) is granted, in part, and denied, in part. Defendants' motion for summary judgment on Mahotep's Fourteenth Amendment claim is granted. As such, Donnelly, Brunelle, McSweeney, and Dixon are dismissed as defendants in this action. Defendants' motion for summary judgment on Mahotep's First Amendment claim is denied as to DeLuca and Ellis and granted as to Yackeren. Defendant's motion for summary judgment on Mahotep's Eighth Amendment claim is denied as to DeLuca, Ellis and Yackeren and granted as to Martzolf. As such,

Martzolf is dismissed as a defendant in this action.

IT IS SO ORDERED.