**Brevard GRIFFIN, Plaintiff,**

v.

**Donald SELSKY, Director of Shu, et al., Defendants.**

**No. 01–CV–6507L.**

United States District Court, W.D. New York.

July 22, 2004.

Brevard Griffin, Dannemora, NY, pro se.

Gary M. Levine, Office of the Attorney General, Rochester, NY, for Defendants.

### DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Brevard Griffin, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, originally raised several claims relating to the conduct of a disciplinary hearing that was held at

---

Wende Correctional Facility on September 26, 2000. Plaintiff was convicted of certain charges at the hearing, and was sentenced, *inter alia*, to two years' loss of good time.

In a Decision and Order dated March 4, 2002, District Judge Charles J. Siragusa of this Court dismissed all of plaintiff's claims except for his due process claim against two of the defendants. In so doing, Judge Siragusa noted that "when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the 'sole federal remedy is a writ of habeas corpus.'" Docket # 3 at 7 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)). The Court stated that although "a decision in plaintiff's favor concerning this due process issue may well have the effect of calling into question plaintiff's disciplinary hearing determination, including the hearing officer's decision to recommend the loss of good-time credits," *id.* at 8, there would be *no* effect on the overall length of plaintiff's confinement if he "has no remaining good time credits to lose because he has already lost all of his credits...." *Id.* at 9. The Court stated that because it "d[id] not have enough information before it concerning plaintiff's circumstances and the effect this disciplinary sentence has on his overall length of confinement, the Court will permit the due process claims ... to go forward at this time." *Id.* at 9.

Defendants have now moved for summary judgment. In support of their motion, they have submitted evidence that as a result of the September 26, 2000 disciplinary hearing, plaintiff did in fact lose two years of good time. Specifically, prior to the hearing, plaintiff had two years and twenty-one days of good time available to him, and following the hearing, he had only twenty-one days of good time left. *See* Declaration of Martin Kearney (Docket # 18) and Ex. A.

Plaintiff's response to the motion, while confusing and difficult to understand, does not appear to dispute that he did lose two years of good time as a result of the hearing. Even if he does purport to dispute that, however, plaintiff has not presented any evidence to rebut defendants' assertion that he lost two years of good time. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (to overcome well-founded motion for summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial'") (quoting Fed.R.Civ.P. 56(e)). It appears that plaintiff may contend that he did not actually lose any good time because the hearing officer only "recommended" that he lose two years, but his Time Allowance Committee Review report clearly states that "all recommended LGT [loss of good time] is affirmed." Docket # 18 Ex. A.

Accordingly, as explained in Judge Siragusa's prior Decision and Order, plaintiff's due process claim under § 1983 is barred under *Edwards*. *See, e.g., Upfold v. O'Hara*, No. 04–CV–6235, 2004 WL 1529233, at *2 (W.D.N.Y. June 24, 2004); *Smith v. Muccino*, 223 F.Supp.2d 396, 403 (D.Conn.2002); *Mahotep v. DeLuca*, 3 F.Supp.2d 385, 390 (W.D.N.Y.1998). Accordingly, defendants' motion for summary judgment is granted.

## CONCLUSION

Defendants' motion for summary judgment (Docket # 14) is granted, and the complaint is dismissed.

IT IS SO ORDERED.