**Kevin DAVIS, Plaintiff,**

v.

**J. CASTLEBERRY, Correction Officer at Southport Correctional Facility, et al., Defendants.**

**No. 03–CV–6501L.**

United States District Court, W.D. New York.

April 8, 2005.

---

Kevin Davis, Pine City, NY, pro se.

Emil J. Bove, Jr., Office of New York State Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Kevin Davis, appearing *pro se*, filed this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in a number of respects by defendants, all of whom were, at all relevant times, DOCS employees. Defendants have moved for summary judgment.[1]

### FACTUAL BACKGROUND

The complaint alleges that on July 19, 2003, while plaintiff was an inmate at Southport Correctional Facility ("Southport"), he was released from his cell for one hour of recreation in the exercise yard. Pursuant to DOCS procedures, plaintiff placed his hands on the wall to be pat-frisked. Defendant Correction Officer James Casselberry conducted the frisk.

Plaintiff alleges that as Casselberry was frisking him, Casselberry "reache[d] around the front of [plaintiff's] pants zipper area and grabbed [plaintiff's] penis." When plaintiff objected, Casselberry allegedly replied, "You should be use[d] to it, as long as you have been here." Complaint ¶ 6(D). Casselberry and two other officers then escorted plaintiff back to his cell, without allowing him to go to the exercise yard.

Plaintiff filed a grievance about this incident on July 21, 2003. He alleges that on July 21, 22 and 23, Casselberry and defen-

---

1. Plaintiff has also recently filed a motion to be transferred to a different correctional facility. Plaintiff has failed to carry his burden under the standards for issuance of preliminary injunctive relief in this circuit, however, see *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 172 (2d Cir.2001); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir. 1996), and his motion is therefore denied.

dant Correction Officer William Ellis denied him his one hour of recreation in retaliation for having filed a grievance against Casselberry. Plaintiff also grieved this alleged retaliation. All of plaintiff's grievances concerning these matters were eventually denied.

In addition to Casselberry and Ellis, plaintiff has sued four other DOCS employees. Plaintiff alleges that defendant Correction Sergeant Gregory Manos filed a false report concerning plaintiff's grievances (although it is not clear in what respect the report is alleged to have been false), and that Manos was aware of Casselberry's and Ellis's actions against plaintiff, but took no corrective or preventive action. Plaintiff also alleges that defendants Michael McGinnis, the Superintendent of Southport, and Thomas Eagen, the Director of the DOCS Inmate Grievance Program ("IGP"), improperly relied upon Manos's false report in denying plaintiff's grievance, and that they have both ignored inmates' complaints about Casselberry's "sexually deviant behavior towards inmates during pat frisks" and retaliation against plaintiff. Complaint ¶¶ 10(A)(ii), 11(A)(ii). In addition, plaintiff alleges that defendant Jeffrey Hale, the IGP Supervisor at Southport, somehow improperly handled his grievances, although it is difficult to discern exactly how.

## DISCUSSION

### I. Claims Relating to Casselberry's Pat Frisk of Plaintiff

Plaintiff claims that by grabbing plaintiff's penis during the pat frisk, Casselberry violated plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution. Casselberry denies plaintiff's allegations, although he admits that, pursuant to DOCS procedures, he did pat plaintiff's pants zipper area for signs of contraband. Casselberry Decl. (Dkt. # 57) ¶ 8.

■ Even assuming that Casselberry did touch plaintiff's penis, however, I find that insufficient to state a constitutional claim. As another district court from within this circuit stated in a factually similar case, "[u]nder the Second Circuit's ... decision in *Boddie v. Schnieder,* [105 F.3d 857 (2d Cir.1997), plaintiff's] allegation of sexual fondling during a single pat-frisk is not sufficiently egregious to state a harm of federal constitutional proportions under the Eighth Amendment." *Williams v. Keane,* No. 95 CIV. 0379, 1997 WL 527677, at *1 (S.D.N.Y. Aug. 25, 1997). In *Boddie,* the court of appeals held that *several* instances of alleged sexual harassment and touching, though "despicable" and "potentially ... the basis of state tort actions," "d[id] not involve a harm of federal constitutional proportions as defined by the Supreme Court." 105 F.3d at 861 (citing *Farmer v. Brennan,* 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 348–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

Furthermore, plaintiff does not dispute that it was proper for Casselberry to have conducted a pat frisk of plaintiff prior to allowing him to enter the exercise yard. Such a frisk could involve the genital area. It is obvious that

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of plain" so long as it occurs as part of an otherwise justified search.

*Cherry v. Frank,* No. 03–C–129, 2003 WL 23205817, at *12 (W.D.Wis. Dec. 4, 2003), *aff'd,* 125 Fed.Appx. 63, 2005 WL 589975 (7th Cir.2005). I therefore conclude that

plaintiff's allegations about Casselberry's conduct of the pat frisk fail to state a claim under § 1983.

## II. Plaintiff's Other Claims

In their Statement of Material Facts As to Which There Is No Material Dispute ("Rule 56 Statement") (Dkt. # 55), as well as in their individual declarations, defendants contend that DOCS records indicate that plaintiff himself chose not to avail himself of his opportunities for exercise on July 21, 22 and 23, 2003. Dkt. # 55 ¶ 15. Defendants also contend that plaintiff's grievances were all properly handled, and that Manos conducted a proper investigation of plaintiff's grievance, and submitted a truthful report. Dkt. # 55 ¶¶ 9–18; Manos Decl. (Dkt. # 60) ¶ 10.

In plaintiff's affidavit (Dkt. # 67) and his own Rule 56 Statement (Dkt. # 67, Att. 2) filed in response to defendants' motion for summary judgment, plaintiff focuses almost exclusively on Casselberry's frisk of plaintiff. The only mention he makes of matters relating to his grievances is plaintiff's allegation that Manos made false statements in his report, and his assertion that his grievances had merit and should not have been denied.

I find this insufficient to give rise to a genuine issue of material fact. First, I note that defendants' notice of motion (Dkt. # 54), this Court's "*Irby*" notice (Dkt. # 62), *see Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001), and the Court's scheduling order (Dkt. # 65), put plaintiff on notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. Specifically, the notice of motion states, in part, that "[a]ny factual assertions arising out of the exhibits attached to defendants' counsel's affidavit will be accepted by the District Judge as being true unless you submit affidavits or other documentary evidence contradicting those assertions. If you do

not so respond, summary judgment, if appropriate, may be entered against you." The notice also stated that if plaintiff failed to submit his own Rule 56 Statement of material facts in dispute, "all material facts set forth in defendants' Rule 56 Statement will be deemed admitted."

Likewise, the *Irby* notice states, in part, that "all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is *no* genuine issue to be tried) *will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.*" The scheduling order also states, in part, that: "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial"; "Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendants"; "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendants, the Court may accept defendants' factual assertions as true"; and "In the absence of [a Rule 56] statement by plaintiff, all material facts set forth in defendants' statement of material facts not in dispute will be deemed admitted."

To the extent that plaintiff's responding papers do not address defendants' factual assertions concerning the relevant events, then, those assertions are deemed admitted, and demonstrate that defendants are entitled to summary judgment. As to the factual assertions that plaintiff *does* make

in his responding papers, they do not give rise to any cognizable claim. For one thing, with respect to plaintiff's claim that "Manos filed a false report claiming that plaintiff's pat frisk by defendant Castle-berry [sic] was proper," Plaintiff's Rule 56 Statement ¶ 2, there is no evidence that the frisk was *im*proper, as explained above.[2]

■ Second, even if Manos did file a false report, "the filing of a false report does not give rise to a constitutional violation *per se.*" *Gill v. Riddick*, No. Civ. 9:03–CV–1456, 2005 WL 755745, at *11 (N.D.N.Y. Mar. 31, 2005) (citing *Freeman v. Rideout*, 808 F.2d 949, 950 (2d Cir.1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988)); *see also Cancel v. Goord*, No. 00 CIV 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983"); *Burks–Bey v. Stevenson*, 328 F.Supp.2d 928, 938 (N.D.Ind. 2004) ("being lied to [in an inmate grievance proceeding] does not state a claim for the violation of a Constitutional right"). There is also no evidence, or even allegation, that Manos acted out of any retaliatory or otherwise impermissible motive.

■ Plaintiff's remaining allegation in his responding papers is simply that his grievances were incorrectly denied. As stated, however, inmate grievance procedures are not even constitutionally required, so an inmate's mere disagreement with the outcome of his grievance will not give rise to a constitutional claim. *See Hunnicutt v. Armstrong*, 305 F.Supp.2d 175, 188–89 (D.Conn.2004) ("any claim that the DOC defendants failed to follow [state-issued] grievance procedures ... does not

demonstrate the denial of a constitutionally or federally protected right and, thus, is not cognizable in this civil rights action"); *Mahotep v. DeLuca*, 3 F.Supp.2d 385, 389 n. 3 (W.D.N.Y.1998) ("Prison grievance procedures do not confer any substantive right upon an inmate"). Furthermore, even if plaintiff had some due process rights with respect to the handling of his grievance, there is no evidence that the process that plaintiff received was inadequate.

### CONCLUSION

Defendants' motion for summary judgment (Dkt. # 54) is granted, and the complaint is dismissed.

Plaintiff's motion for an order directing that he be transferred to a different correctional facility (Dkt. # 68) is denied.

IT IS SO ORDERED.

---

**2.** Contrary to his Rule 56 Statement, plaintiff's complaint seems to allege that what was false in Manos's report was his statement that he had interviewed plaintiff about his griev-

ance against Casselberry. *See* Complaint ¶ 9(D). Either way, plaintiff's allegations concerning Manos do not give rise to a § 1983 claim.