Carolyn Denise IRBY, Plaintiff–
Appellant,

v.

**NEW YORK CITY TRANSIT AU-
THORITY (M.A.B.S.T.O.A.),**
Defendant–Appellee.

**Docket No. 00–9421.**

United States Court of Appeals,
Second Circuit.

Argued May 21, 2001.

Decided Aug. 22, 2001.

Carolyn Denise Irby, Pro Se, Cambria
Heights, NY.

Joyce Rachel Ellman, Office of the General Counsel, New York City Transit Authority, Brooklyn, NY, for Defendant–Appellee.

Before WALKER, Chief Judge,
JACOBS, Circuit Judge, and LARIMER,* District Judge.

PER CURIAM:

We take this opportunity to remind district courts and litigants who move for summary judgment against *pro se* litigants that the failure to provide the *pro se* party with notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure, and the consequences of noncompliance therewith, will result in vacatur of the summary judgment, no matter how meritorious, unless the movant shows (or it is obvious to the court) that the *pro se* was aware of this rule's requirements.

### Background

Plaintiff-appellant Carolyn Denise Irby, *pro se*, appeals from a September 29, 2000 amended judgment of the district court of the Southern District of New York (Victor Marrero, *District Judge* ) granting the motion for summary judgment of the defendant-appellee, the New York City Transit Authority and its subsidiary, the Manhattan and Bronx Surface Transit Operating Authority ("M.A.B.S.T.O.A.").

In 1991, M.A.B.S.T.O.A. hired Irby as a bus operator. On August 25, 1997, after chronic absenteeism, Irby entered into a stipulation agreement by which she was placed on probation for one year during which any time or attendance violations could result in dismissal. On October 1, 1997, Irby was charged again with chronic absenteeism. She was given a "final opportunity" to abide by the stipulation agreement and informed that she would be dismissed for any future violations. On January 28, 1998, Irby was once more charged with chronic absenteeism and was dismissed by the Transit Authority. At a subsequent arbitration proceeding, the arbitrator found that the Transit Authority properly terminated Irby for excessive absenteeism and improper documentation of absences.

In August 1998, Irby filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on alleged disability. On November 20, 1998, the EEOC issued a Right to Sue Letter. In March 1999, Irby sued the defendant alleging discrimination based on an alleged disability and retaliation in violation of the Americans with Disabilities. Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* The alleged disability which forms the basis of Irby's complaint is that she suffered from polycystic kidney and polycystic liver disease which caused her to be absent from work due to diarrhea and fatigue at least two to three days per month.

### Discussion

█ This court reviews a "district court's grant of a motion for summary judgment de novo, construing the evidence in the light most favorable to the non-moving party." *VKK Corp. v. Nat'l Football League,* 244 F.3d 114, 118 (2d Cir. 2001).

As to the claims of discrimination and retaliation, we affirm for substantially the reasons stated by the district court in its thorough and thoughtful opinion.

We take this opportunity to briefly discuss the interplay between Rule 56 of the Federal Rules of Civil Procedure ("Rule

---

* The Honorable David G. Larimer, Chief Judge of the United States District Court for the Western District of New York, sitting by designation.

56") and the *pro se* litigant who does not move for summary judgment. And we remind the district courts of this circuit, as well as summary judgment movants, of the necessity that *pro se* litigants have actual notice, provided in an accessible manner, of the consequences of the *pro se* litigant's failure to comply with the requirements of Rule 56.

■ Rule 56 requires that "[a]n adverse party may not rest upon the mere allegations or denials of the ... pleading, but [rather] the ... response, by affidavits or [other documentary evidence] as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "Since it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits, [s]he must file [her] own affidavits contradicting his opponent's if [s]he wants to preserve factual issues for trial," either the district court or the moving party is to supply the *pro se* litigant with notice of the requirements of Rule 56. *See McPherson v. Coombe,* 174 F.3d 276, 280–81 (2d Cir.1999) (citation and quotation marks omitted). "[A] district court need not advise a *pro se* litigant as to the nature of summary judgment where an opposing party has already provided the litigant with the requisite notice ... or where the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Id.* at 281. In the absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic.

■ In the instant case, the defendant did not provide the required Rule 56 notice to Irby when it served her with the motion for summary judgment on February 7, 2000. Irby opposed the motion but her papers did not comply with Rule 56, as she had not received the required notice. The district court also did not supply such notice. Realizing its error, defendant, in a letter dated March 22, 2000, sent Irby the required Rule 56 statement. This letter also informed Irby that if she wished to submit any further papers that she was allowed to do so and that if she had any questions she could contact the Pro Se Office of the Southern District of New York. Irby did not submit any additional papers in an attempt to comply with Rule 56. Because Irby's opposition papers did not identify genuine issues as to material facts sufficient to defeat a motion for summary judgment and because "the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment," summary judgment was appropriate. *McPherson,* 174 F.3d at 281.

Finally, although Irby suffered no prejudice here, we reemphasize that our practice is to vacate summary judgment dismissals against a *pro se* litigant when the *pro se* is unaware of the consequences of failing to adequately respond to the motion for summary judgment. To avoid this consequence, the moving party should routinely provide a *pro se* party with notice of the requirements of Rule 56, and of the consequences of noncompliance therewith, contemporaneous with the serving of the motion for summary judgment on the *pro se* litigant. In the absence of such action, the district court should promptly provide the *pro se* with such required notice.

AFFIRMED.