**Juan M. ORTIZ–ALVEAR,**
Plaintiff–Appellant,

v.

**UNITED STATES of America and United States Postal Service,** ·
Defendants–Appellees.

Nos. 99–6252(L), 99–6253(CON).

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

Thomas I. Sheridan, III, Esq., Haythe & Curley, New York, NY, for appellant.

David L. Goldberg, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Deborah B. Zwany and Arthur P. Hui, Assistant United States Attorneys, on the brief, Brooklyn, NY, for appellees.

Present WALKER, Chief Judge, NEWMAN and CALABRESI, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Plaintiff-appellant Juan Ortiz–Alvear ("Ortiz–Alvear" or appellant) appeals from the August 24, 1999 order of the United States District Court for the Eastern District of New York granting the motion for summary judgment of defendants-appellees, the United States of America and United States Postal Service (referred to, collectively, as "the government"), by which the district court denied appellant's motion for the return of over $2 million in currency and monetary instruments forfeited in an administrative forfeiture pro-

ceeding involving 15 Express Mail packages.

By order dated March 24, 2000, a panel of this court dismissed appellant's *pro se* appeal as frivolous with respect to plaintiff's claim to the contents of 14 of the 15 Express Mail packages. With respect to the one remaining package, the "Raigosa Package," this court directed that counsel be assigned to address the following issues:

(1) Whether the district court may convert a challenge to the propriety of an administrative forfeiture into a judicial forfeiture proceeding and decide the merits without first directing appellant to respond to the merits of the judicial forfeiture; and

(2) Whether the district court's grant of summary judgment was improper in light of the lack of notice to appellant of the nature and consequences of the government's summary judgment motion.

On appeal, appellant also argues that we should reconsider his claims regarding the first 14 of the 15 Express Mail packages.

This court reviews a "district court's grant of summary judgment *de novo.*" *VKK Corp. v. Nat'l Football League,* 244 F.3d 114, 118 (2d Cir.2001). As explained in *Irby v. New York City Transit Auth.,* 262 F.3d 412, 413 (2d Cir.2001) (per curiam), the failure of a litigant who moves for summary judgment to "provide [a] *pro se* party with notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure ... will result in vacatur of the summary judgment, no matter how meritorious, unless the movant shows (or it is obvious to the court) that the *pro se* was aware of this rule's requirements." [1]

The government concedes that it did not give the required Rule 56 notice to Ortiz–Alvear, who was then proceeding *pro se.* Accordingly, his claim regarding the Raigosa package will be remanded to the district court for the purpose of allowing the government to provide appellant with the required Rule 56 notice and to give him the opportunity to respond to the merits of the judicial forfeiture, setting forth specific facts showing that there are genuine issues for trial.

For the reasons stated by the district court and the panel of this court that previously dismissed the claims as frivolous, the district court's disposition of appellant's claims regarding 14 of the 15 packages is affirmed.

In conclusion, with respect to the district court's determination regarding 14 of the 15 Express Mail packages, the judgment of the district court is AFFIRMED IN PART and, with respect to the Raigosa package, the judgment of the district court is VACATED AND REMANDED IN PART for the limited purpose of providing plaintiff with the required notice under Rule 56.

---

1. Local Civil Rule 56.2 for the Eastern District of New York provides, in pertinent part, as follows:

Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To Pro Se Litigant Opposing Motion For Summary Judgment" in the form indicated below.