Miguel CRUZ, Plaintiff–Appellant,

v.

John ARMSTRONG, Commissioner, Department of Correction, Michael Bonzagni, District Administrator, Northern C.I., Robert J. Kupec, Warden, Northern C.I., Brett Rayford, Administrator of Health Services, Northern C.I., Donald Devau, Jr., Dep. Of Custody Operations, Northern C.I., Amy Cobuzzi, Exec. Dir. Health Services, Northern C.I., Cpt. Stewart, Unit Manager, Northern C.I., Samuel Maylor, Supervisor, Northern C.I., Esther Mcintosh, Health Services Administrator, Northern C.I., Patricia Oltalini, Dir. Nursing Services, Northern C.I., Patricia Oltalini, Dir. Nursing Services, Northern C.I. Kathy Weiner, C.H.N.S., Northern C.I., Dr. Edward Blanchette, Physician, Northern C.I., DR. E.J. McCoy, Physician, Northern C.I., Dr. Ayers, Physician, Northern C.I., Erinn Dolan, Nurse, Northern C.I., Cheryl Graham, Nurse, Northern C.I. Debbie Kindness, Nurse, Northern C.I., Defendants–Appellees.

No. 00–298.

United States Court of Appeals,
Second Circuit.

Oct. 11, 2001.

Miguel Cruz, Somers, CT, pro se.

Ann E. Lynch, Assistant Attorney General, Hartford, CT, for appellee.

Present FEINBERG and JACOBS, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be VACATED AND REMANDED.

Miguel Cruz, *pro se,* appeals from the dismissal of his 42 U.S.C. § 1983 complaint.

On appeal, Cruz argues that the district court erred in granting summary judgment in favor of defendant because his affidavit and supporting documentation squarely contradicted the defendants' affidavits.

After the completion of discovery (and the consideration of other motions not relevant on appeal), defendants moved for summary judgment. In response, Cruz filed a motion for appointment of counsel, which the district court granted (noting that Cruz's claims were likely to be of substance) and as to which the defendants sought reconsideration. The court directed Cruz to respond to the motion for reconsideration, warning that otherwise the court would (pursuant to a local rule) deem his failure to respond sufficient cause for granting it. Cruz then filed a declaration in support of his argument for appointed counsel. He also filed a *pro se* response to the defendants' motion for summary judgment, which mirrored the allegations in his complaint, but failed to address many of the grounds upon which the defendants

sought summary judgment, and which contained no statement of undisputed facts.

By Order dated August 25, 2000, the district court denied reconsideration, treating that motion as moot because the court had decided to grant the motion for summary judgment. [A 21] Thereafter, on August 30, 2000, the district court granted summary judgment, deeming defendants' statement of facts as admitted because Cruz failed to file his own statement of facts. [A 20]

■ A *pro se* litigant facing a motion for summary judgment must receive notice of the requirements for opposing the motion. *See Irby v. New York City Transit Authority,* 262 F.3d 412, 414 (2d Cir.2001). If the adversary of the *pro se* fails to give such notice, the court is required to provide it. *Id.* In the absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic. *Id.*

■ Here, neither the defendants nor the district court provided Cruz with the required notice. At oral argument, appellees' counsel undertook to provide us with a filing made by Cruz in the district court that (appellees' counsel argued) would implicitly reflect an understanding by Cruz of the responsive requirements for summary judgment. After reviewing the filing, however, we are unconvinced.

For the reasons set forth above, the judgment of the district court is hereby VACATED AND REMANDED.