**Alvin FULTON, Jr., Plaintiff,**

v.

**Stephen MANGINI, et al., Defendants.**

**No. 99–CV–6347L.**

United States District Court,
W.D. New York.

Dec. 6, 2001.

---

Alvin Fulton, Jr., Rochester, NY, pro se.

Charles S. Turner, Timothy M. Lexvold, Monroe County Law Department, Rochester, NY, for defendants.

### DECISION AND ORDER

LARIMER, Chief Judge.

On August 12, 1999, plaintiff, Alvin Fulton, Jr., appearing *pro se*, filed the complaint in this action under 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights by falsely arresting and maliciously prosecuting him, denying him due process, and retaliating against him for exercising his constitutional rights. Plaintiff requests compensatory and punitive damages totalling $1.4 million.

On February 2, 2000, the court dismissed *sua sponte* plaintiff's claims against four of the original eight defendants. The remaining four defendants have now moved for summary judgment.

■ Defendants filed their motion on August 7, 2001. The notice of motion put plaintiff on notice of the requirements of Rule 56, and the consequences of failing to respond adequately to defendants' motion. *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir.2001). Nevertheless, plaintiff has not responded to the motion.

In addition, on March 30, 2001, Magistrate Judge Jonathan W. Feldman issued a Decision and Order that, *inter alia*, directed plaintiff to sign a release authorizing the unsealing of certain records relating to the events giving rise to this lawsuit, "or risk dismissal of all or part of [plaintiff's] claims against defendants." Defendants state that plaintiff has not signed the release, and there is nothing in the record that suggests otherwise.

Under these circumstances, I conclude that defendants are entitled to summary judgment. Rule 56(e) provides that if a party fails to respond to a well-supported motion for summary judgment, "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule 56 also states that a party moving for summary judgment must submit a statement of the material facts which he contends are undisputed. The non-moving party must likewise submit a statement of the material facts which he contends *are* in dispute. The rule provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party."

■ By virtue of plaintiff's failure to submit a statement of material facts in dispute (or any other papers in opposition to defendants' motion), the court may thus, for purposes of this motion, treat the statements contained in defendants' Rule 56 statement as having been admitted by plaintiff. Based on those statements, and the support for those statements presented by defendants, defendants are clearly entitled to summary judgment.

■ Plaintiff's failure to comply with Magistrate Judge Feldman's March 30 Decision and Order also warrants the dismissal of his complaint. The Magistrate Judge expressly warned plaintiff to sign the release or risk dismissal of his claims. A willful failure to comply with a discovery order, after notice has been given of the possible consequences of such a failure, has been held to support dismissal of a *pro se* litigant's complaint. *See, e.g., Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal"); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 765–66 (2d Cir.1990).[1]

Lastly, I note that even if the court were to consider the previous papers submitted by plaintiff in connection with his own motions for summary judgment, I would still grant defendants' motion. Plaintiff has presented no evidence, aside from his own conclusory allegations that are not based on his personal knowledge, to support his claims that defendants knowingly brought any false charges against him or retaliated against plaintiff, or that they were otherwise personally involved in the alleged deprivations of plaintiff's constitutional rights.

## CONCLUSION

Defendants' motion for summary judgment (Docket Item 71) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

1. Although there it does not appear that any of the orders, motions or other papers sent to plaintiff have ever been returned undelivered, I also note that it is plaintiff's obligation under Local Rule 5.3 to inform the court of any change of address, and that a "[f]ailure to do so may result in dismissal of the case with prejudice." Plaintiff has never informed the court of any change of address, so it must be assumed that the various papers in this case were sent to the correct address.