**ORTIZ**

v.

**SANTORA et al.**

**No. 3:01 CV 1184(JBA).**

United States District Court,
D. Connecticut.

Sept. 11, 2002.

Edward Ortiz, Bridgeport, CT, pro se.

Barbara Brazzel–Massaro, City of Bridgeport, Office of City Atty., Bridgeport, CT, for defendants.

### Memorandum of Decision [Doc. # 20]

ARTERTON, District Judge.

Plaintiff Edward Ortiz commenced this action against Bridgeport police officers Santora and Rivera, the City of Bridgeport ("the City"), Bobby Green (the owner of the Sport's Page Restaurant in Bridgeport),[1] two unnamed employees of

---

1. Although the caption of the Amended Complaint [Doc. # 3] lists this defendant as "SPORTS PAGE RESTAURANT (Owner BOBBY GREEN)," the textual portion of the complaint identifying each defendant clarifies that the named defendant is Green, not the restaurant: "Defendant BOBBY GREEN,

the restaurant, and five unnamed Bridgeport police officers. The seven unnamed defendants were never served, and Green, although served, never appeared or answered the complaint. Only the City, Santora and Rivera have appeared and defended the action.

On March 21, 2002, Ortiz moved [Doc. # 18] to extend the April 1, 2002 discovery deadline, claiming that he had difficulty locating a court reporter and appropriate facilities for taking depositions. Ortiz's motion for extension of time failed to comply with D.Conn.L.Civ.R. 9(b)(3) in that it failed to state opposing counsel's position as to the request. The motion was thus denied without prejudice to renew, by endorsement order, with reference to the local rule and a parenthetical identifying the defect. *See* Endorsement Order on [Doc. # 18]. Ortiz understood the term "without prejudice to renew" because he filed a second motion [Doc. # 19] for extension of the discovery deadline, noting in the caption that it was a renewal and noting: "Plaintiff submitted such motion to this honorable court, and was found to have made several mistakes in his motion, Plaintiff has since corrected said mistakes as ordered by this court and is resubmitting his motion to the court." [Doc. # 19] at 3. Nonetheless, this motion, too, failed to state opposing counsel's position, and was thus denied without prejudice under D.Conn.L.Civ.R. 9(b)(3), with the same endorsement order explaining the defect. Ortiz did not thereafter renew his motion, and has made no further filings in this case.

The three appearing defendants moved for summary judgment [Doc. # 20], and despite the Court's "Notice to Pro Se Litigant" [Doc. # 23],[2] Ortiz has not responded to the summary judgment motion with affidavit, other evidence or argument.

As set out below, the Court: (1) concludes that defendants Santora, Rivera and the City are entitled to summary judgment in their favor in light of the showing they have made in their summary judgment motion; (2) notifies Ortiz that the John Doe defendants are subject to dismissal under Fed.R.Civ.P. 4(m); and (3) *sua sponte* vacates its denial of Ortiz's Fed.R.Civ.P. 55(b) motion for default judgment as to defendant Green.

## I. Factual Background

### A. Allegations in the Amended Complaint

Ortiz asserts that as he and several friends left the Sports Page Restaurant at approximately 1 o'clock a.m., two unnamed employees of the restaurant (Doe # 6 & Doe # 7) attacked his party with billy clubs. Am.Compl. ¶¶ 14–18. Defendant Santora was present, but did nothing to prevent the assault and then "willfully and

herein after 'GREEN', at all times relevant to this complaint, was and is the owner of SPORTS PAGE RESTAURANT in the State of Connecticut...." ¶ 11. Additionally, the summons for this defendant was issued and served in Green's name. [Doc. # 4]

**2.** *See Irby v. New York City Transit Authority,* 262 F.3d 412, 414 (2d Cir.2001). The Notice in this case reads: "Defendants filed their Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.... All material factual allegations in the affidavits or documents accompanying the defendant's motion will be ac-

cepted as true by the Court unless you submit counter-affidavits or other documentary evidence contradicting these assertions. You may not simply rely on the allegations in your complaint. You must respond by affidavits made on personal knowledge or other documentary evidence in a form that would be admissible at trial to show that there is a genuine issue for trial.... If you do not respond *on or before July 12, 2002,* summary judgment may be entered against you. If summary judgment is granted against you, your case will be closed and there will be no trial."

needlessly" sprayed Ortiz with mace. *Id.* ¶¶ 19–20. Ortiz further alleges that the restaurant employees acted at the direction of Santora when they assaulted Ortiz and his friends. *Id.* ¶ 21.

Officer Rivera then arrived on the scene, along with five unnamed police officers (Doe # 1 through Doe # 5). *Id.* ¶ 28. Ortiz's complains that these officers failed to take any action against Santora and the two restaurant employees, and falsely arrested him. *Id.* ¶ 28 & 30. Finally, Ortiz asserts that he has filed notice of the individual defendants' actions with the City of Bridgeport, but the City has taken no action. *Id.* ¶ 35.[3]

On these factual allegations, Ortiz concludes that the restaurant employees and Green (the owner of the restaurant) conspired with the police and thus acted under color of state law. *Id.* ¶ 37. Ortiz thus asserts that Green is liable under § 1983 for failure to properly train his employees. *Id.* Ortiz also alleges that the City's failure to act on his complaint is a ratification of the officers' alleged actions. *Id.* ¶ 35.

## B. Defendants' Summary Judgment Showing

Santora, Rivera and the City have moved for summary judgment. In support of this motion, they have provided affidavits from Santora and Rivera, transcripts of portions of Ortiz's deposition testimony, medical records, portions of Ortiz's answers to interrogatories, and a police report prepared by Santora recounting the evening. Ortiz has not responded with either evidence or argument.

According to Santora's affidavit, he was performing overtime work at the restaurant on the night in question. Santora Aff. ¶¶ 3–6. At about 1 a.m., Ortiz and his friends "created a disturbance at the door when asked to leave by the employees." *Id.* ¶ 8. Santora stepped between Ortiz's group and the group of restaurant employees "to prevent any problems." *Id.* Ortiz and his friends then threatened to kill Santora, and although Santora tried to ignore them, members of the gathering crowd began to restrain Ortiz and his friends. *Id.* ¶ 9. "At that time over fifty people were outside the establishment and engaged in fighting." *Id.* Given this melee, Santora was not able to maintain order, was being assaulted by unknown people in the crowd, and used pepper spray to stop threatening moves toward him. *Id.* ¶ 10–11. Santora did not see other officers arrive on the scene until Ortiz was handcuffed. *Id.* ¶ 15.

Rivera avers that he arrived at the scene in a patrol car after receiving a call for assistance. Rivera Aff. ¶ 4. When he arrived, "there were a number of people on the sidewalk and in the street." *Id.* ¶ 5. Rivera arrested Darnell Walker, one member of Ortiz's group, but had no contact with Ortiz and did not see any contact between Ortiz and Santora. *Id.* ¶¶ 6–8. Contrary to his complaint, Ortiz's deposition testimony indicates that while he saw Rivera at the scene, his only basis for naming Rivera is Rivera's failure to take any disciplinary action against Santora. Ortiz Dep. at 62.

In the police report prepared by Santora after the incident, Santora describes the night in question and the altercation at the restaurant as follows:

---

**3.** At one point in the factual rendition, Ortiz asserts that he was not taken before a neutral judge for a probable cause hearing, *id.* ¶ 33, but that he was taken before Magistrate Buzzuto "the very next day," *id.* ¶ 34. The portion of his complaint which appears to allege partiality by the judicial officer before whom he was promptly taken is therefore inapplicable to the defendants in this action (police officers, the City, and restaurant employees).

At closing time, [Ortiz and two friends] refused to leave and engaged in shoving match with restaurant employees. At that time I escorted them out to the sidewalk where all three threatened me with bodily harm and were restrained by unidentified members of the crowd of people who had just exited the bar. At that moment a large fight broke out involving other people in the crowd. I intervened and ended up on the ground between two unidentified combatants. The fight escalated and involved an undetermined number of people. I was struck and wrestled to the ground. I used my pepper spray on several male combatants. I asked restaurant employees to call for police assistance. I then began to attempt dispersal of the crowd. Aforementioned suspects [Ortiz and Darnell Walker] challenged me in the middle of Benham Ave (near Park Ave). They came at me yelling threats; I sprayed them. It was totally ineffective and only agitated them. I got some spray in my eyes. Walker attacked me, I punched him with a left jab. He was restrained by other unidentified members of the crowd. I defended myself against Ortiz who threw several punches to me; as we wrestled to the pavement, I punched him several times....

[Doc. # 22 Ex. G].

## II. Discussion

### A. Procedural Issues

■ While a pro se litigant's failure to understand the Court's procedural rules may warrant special leniency not given to attorneys, *see, e.g., Vital v. Interfaith Medical Center,* 168 F.3d 615 (2d Cir.1999), the Court finds no basis for excusing Ortiz's failure to respond to the motion for summary judgment. The two flawed motions to extend discovery were denied without prejudice and expressly listed the error that needed correction, and by his pleadings, Ortiz appears to have understood that he was permitted to re-submit the motion with correction. Ortiz never responded to the summary judgment motion with any claim that his ability to respond was impaired by discovery problems, which would have allowed the Court to fashion an equitable revision to the scheduling order, if necessary and appropriate. Ortiz could also have responded to the summary judgment motion with at least his own affidavits and defendants' responses to his interrogatories. Ortiz was granted leave to serve more than twenty-five interrogatories, [Doc. # 16], and his responses to defendants' interrogatories evidence his familiarity with this discovery device. *See* [Doc. # 22 Ex. H].

### B. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The Second Circuit recently clarified that "even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met it burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley,* 274 F.3d 677, 681 (2d Cir.2001). "If it has not, summary judgment is inappropriate, for 'no defense to an insufficient showing is required.' " *Id. (quoting Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

The burden identified in *Adickes* and Fed.R.Civ.P. 56(e) ("When a motion for summary judgment has been made *and supported* as provided in this rule ...")

(emphasis added), upon which the Second Circuit in *Amaker* relied, *see* 274 F.3d at 680–681, was refined and explained by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The *Celotex* Court clarified that in moving for summary judgment against a party who will bear the ultimate burden of proof at trial (as Ortiz will on all claims alleged in his complaint), the movant's burden of establishing that there is no genuine issue of material fact in dispute will be satisfied if he or she can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *accord Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir.2001) ("A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.' ") (*quoting Celotex*, 477 U.S. at 324, 106 S.Ct. 2548).

Thus, in light of Ortiz's choice of the "perilous path," *Amaker*, 274 F.3d at 681, of failing to respond to the motion for summary judgment, the Court accepts as true all factual allegations in the admissible materials accompanying the motion for summary judgment, *see* Fed.R.Civ.P. 56(e), and assesses only whether any genuine issue of material fact remains for trial on the summary judgment record as it stands. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("there is no issue for trial unless there is sufficient evidence fa-

voring the nonmoving party for a jury to return a verdict for that party"). Of course, " 'the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

C. Analysis

■ Ortiz's complaint can be liberally construed[4] to allege a conspiracy between the assaulting restaurant employees and Santora, an excessive force claim against Santora, a failure to protect claim against Santora and Rivera, a false arrest claim against Santora, and a *Monell* claim against the City. As set out below, once the factual allegations in the admissible materials accompanying the motion for summary judgment are accepted as true in the absence of any opposition, summary judgment is appropriate because there remains no genuine issue dispute of material fact left for trial.

1. Conspiracy

■ Ortiz's complaint alleges that the John Doe restaurant employees (who are claimed to have assaulted Ortiz and his friends) were acting at the direction of Santora. The only factual basis for this assertion appears to be Ortiz's claim that Santora neglected to intervene when the restaurant employees were allegedly assaulting Ortiz. Given Santora's affidavit, which is wholly inconsistent with any conspiracy between him and the restaurant

**4.** The Court "construe[s] pro se complaints liberally and [applies] a more flexible standard in determining the sufficiency of a pro se complaint than [it] would in reviewing a pleading submitted by counsel." *Platsky v.* *C.I.A.*, 953 F.2d 26, 28 (2d Cir.1991) (*citing, inter alia, Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

employees to violate Ortiz's rights, there is no genuine issue of fact for trial on the issue of conspiracy. Santora explains that he was at the restaurant on an overtime assignment to "provid[e] police presence and protection," Santora Aff. ¶ 4, and that he was there to "maintain a police presence and hopefully prevent illegal acts," *id.* ¶ 6; he could not maintain order and keep the peace, however, because a large fight broke out and he himself was being assaulted. These assertions are inconsistent with and amount to a constructive denial of a conspiracy to deprive Ortiz of his civil rights; no reasonable jury, having only the evidence in the summary judgment record before it, could find in Ortiz's favor on the conspiracy allegations.

### 2. Excessive Force

█ An excessive force claim arising in the context of an arrest or investigatory stop of a free citizen is analyzed under the reasonableness rubric of the Fourth Amendment. *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–397, 109 S.Ct. 1865. Underlying intent or motive are not relevant to the inquiry; rather, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 397, 109 S.Ct. 1865. " 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth

Amendment." *Id.* (*citing Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)).

█ The only evidence in the record discloses a veritable melee at the Sports Page Restaurant. Over fifty people were fighting, the altercation spilled into the streets, Santora was the only officer present, and Santora himself was being assaulted. Santora's police report indicates that it was only after Ortiz had punched him several times and the two were wrestling to the pavement that he punched Ortiz several times. This was after Ortiz and his two friends had threatened to kill Santora, and after Santora had been assaulted by other members of the crowd. With only Santora's explanation of the altercation, no reasonable jury could conclude that Santora visited excessive force upon Ortiz.[5]

█ Alternatively, even assuming that Santora's statement that he punched Ortiz several times could be evidence sufficient to support a verdict in Ortiz's favor, given the melee of fifty people fighting and Santora being assaulted himself, reasonable officers could disagree regarding whether this level of force was necessary under these fast-developing potentially dangerous circumstances. Thus, qualified immunity provides an alternative basis for granting summary judgment in Santora's favor on Ortiz's excessive force claim. *See Saucier v. Katz,* 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to

---

5. To the extent the police report would not be admissible at trial and is thus not properly considered here, *see* Fed.R.Civ.P. 56(e), the result is even more clearly in Santora's favor, as the police report contains the only indication that Santora punched Ortiz at all.

Santora's affidavit, while not contradicting anything in the report, mentions no striking incident, and Ortiz's deposition testimony has Santora only spraying Ortiz with mace. *See* Ortiz Dep. at 60.

what the law requires is reasonable, however, the officer is entitled to the immunity defense.").

### 3. Failure to Protect

 "A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir.1988) (citations omitted). However, "[i]n order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir.1994) (*citing O'Neill* at 11–12).

 In addition to the question of whether any alleged assaults were being perpetrated by other officers (as opposed to restaurant employees or other citizens), *see* Santora Aff. ¶ 15 (Santora did not see any officers in the area until after Ortiz was handcuffed) and Ortiz Dep. at 64 (nothing happened to Ortiz once he was handcuffed), the uncontradicted evidence is of a melee of fifty people fighting and only one officer present, with Santora himself being assaulted. This scenario does not portray a "realistic opportunity" on the part of Santora to prevent harm from being caused to Ortiz, and absent any contrary evidence, no reasonable jury could find in Ortiz's favor. Because Rivera avers that he never observed any contact between Santora and Ortiz, no reasonable jury could find a need for any intervention on his part.

### 4. False Arrest

 The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest under § 1983. *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir.1999). Here, the uncontradicted record has Ortiz throwing punches at Santora and wrestling with Santora on the ground. Without any evidence supporting an inference that Ortiz was, for example, resisting an unlawful arrest or that Ortiz did not assault Santora, there is no basis to conclude anything other than that Santora had probable cause to arrest Ortiz for assaulting an officer and breach of the peace.

### 5. The City's Liability

 Given the derivative nature of the City's liability (Ortiz's contention that the City is liable because he notified several City executives of the altercation and they took no action), summary judgment in favor of all known City police officers precludes any imposition of liability on the City. As to the unknown police officers, their liability is either co-extensive with Rivera's (as they arrived on the scene with Rivera), thus providing no basis for liability on the part of the City; alternatively, the City could not have corrected their conduct absent any identification of them.

## III. Remaining Parties to the Case

### A. The John Doe Defendants

The seven unnamed defendants were never served, *see* Marshall's Return of Service [Doc. # 4] (indicating service upon only Santora, Rivera, the City and Green), and more than 120 days has elapsed since the filing of the complaint. Thus, Ortiz is hereby given notice that any claims against these John Doe defendants will be dismissed unless he provides good cause for the failure to serve these defendants and moves to extend the time provided by the rules for serving these defendants. *See* Fed.R.Civ.P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct

that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.").

### B. Defendant Green

 Green was served but never appeared or answered, and on Ortiz's motion, default was entered under Fed.R.Civ.P. 55(a). *See* Endorsement on [Doc. # 6]. At the same time, default was entered as to Santora, Rivera and the City, who had appeared but failed to answer. *Id.* Ortiz then moved for a default judgment under Rule 55(b) as to all four of these defendants. [Doc. # 7].

Shortly after default under Rule 55(a) was entered and while the default judgment motion was pending, Santora, Rivera and the City moved to set aside default. [Doc. # 8]. Their motion was granted. Endorsement Order on [Doc. # 8]. Default remained entered against Green, however, as the attorney who filed the motion to set aside default (which refers generally to "defendants" without differentiation) was counsel only for Santora, Rivera and the City. *See* Appearance [Doc. # 5]. Nonetheless, Ortiz's pending motion for default judgment was denied "inasmuch as defendants have filed their motion to set aside default judgment . . . and have simultaneously filed their Answer and Affirmative Defenses." Endorsement Order on [Doc. # 7].

Since the Court's endorsement order denying default judgment failed to differentiate between defendant Green, who has not appeared or defended, and defendants Santora, Rivera and the City, who both appeared and defended, the order denying the motion for default judgment against Green will be vacated. The judgment sought against Green is not "for a sum certain or for a sum which by computation can be made certain," Fed.R.Civ.P.

55(b)(1), and a hearing "is necessary to take an account or to determine the amount of damages," Fed.R.Civ.P. 55(b)(2).

### IV. Conclusion

For the reasons set out above, the Motion for Summary Judgment [Doc. # 20] is GRANTED. Ortiz is given notice that failure to move by September 27, 2002 for an appropriate extension of time for good cause shown to serve the John Doe defendants will result in their dismissal from this case after that date. The Court's endorsement order denying Ortiz's Rule 55(b) motion for judgment is VACATED as to defendant Green, and the motion is referred to Magistrate Judge Margolis for a hearing and recommended ruling regarding damages.

IT IS SO ORDERED.