**Juan Manuel ORTIZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America, United States Post Office, Defendants–Appellees.**

**Nos. 02–6244, 02–6245.**

United States Court of Appeals, Second Circuit.

April 16, 2004.

Juan Manuel Ortiz, Stormville, NY, for Appellant, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York (Orelia E. Merchant, Varuni Nelson, Arthur P. Hui, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Appellees.

Present: WALKER, Chief Judge, VAN GRAAFEILAND, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Juan Manuel Ortiz–Alvear ("Ortiz") appeals from the September 5, 2002 order of the United States District Court for the Eastern District of New York (David G. Trager, *District Judge*) dismissing his action for the "return" of a package seized by the United States Post Office in 1993. On October 3, 2001, we remanded the underlying action to the district court for the limited purpose of providing Ortiz notice of the nature and consequences of summary judgment, as contemplated by Rule 56.2 of the Local Rules in the Eastern District. *See Ortiz–Alvear v. United States,* 21 Fed.Appx. 27 (2d Cir.2001). Relevant notice was provided on December 17, 2001, and Ortiz submitted two Answers to that notice in the District Court on January 17, 2002. Because nothing in our *de novo* review of those submissions,* required on an appeal from a grant of summary judgment, *see Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 332 (2d Cir.2000), reveals any triable issues of material fact about the forfeitability of the package or about the sufficiency of the appellee's notice, we af-

firm the district court's dismissal of Ortiz's action. *See Alli–Balogun v. United States,* 281 F.3d 362, 372 (2d Cir.2002) (affirming the district court's dismissal of a civil complaint for return of a Range Rover after refusing to credit "testimony that [Alli–Balogun's] income was not supplemented by the sale of drugs, and that he paid for the Range Rover out of his life savings ...").

We have carefully considered all of Ortiz's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

---

* Despite the fact that neither Ortiz nor the United States Attorney for the Eastern District of New York included the relevant documents in their submissions to this court, we were able to retrieve these documents from the Eastern District courthouse independently.