Lee James **HECKMAN**, Plaintiff,

v.

**D I MEDEANE**, Defendant.

No. 06–CV–6361L.

United States District Court,
W.D. New York.

Oct. 27, 2010.

Lee James Heckman, Piffard, NY, pro se.

Emil J. Bove, Jr., Office of New York State Attorney General, Rochester, NY, for Defendant.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

Plaintiff, Lee James Heckman, commenced this action *pro se* on July 18, 2006, alleging claims under 42 U.S.C. § 1983 against Willard Correctional Facility ("Willard") and Jose Medina, a correction officer employed at Willard, arising out of certain incidents that occurred in September 2005, while plaintiff was incarcerated at Willard.[1] The Court dismissed plaintiff's claims against Willard on February 8, 2007.

In December 2008, the Court assigned counsel to represent plaintiff. On April 29, 2010, however, the Court granted counsel's motion to withdraw (which plaintiff did not oppose), based on counsel's showing that plaintiff had ceased communicating with counsel. *See* Dkt. # 22–# 25.

On June 25, 2010, defendant Medina moved for summary judgment. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

## DISCUSSION

### I. Plaintiff's Failure to Respond to the Summary Judgment Motion

Rule 56(e) of the Federal Rules of Civil Procedure provides that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or

---

**1.** Medina's name is variously misspelled "Medeane" and "Medeana" in the original and amended complaints.

as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir.2001).

█ In the instant case, both defendant's notice of motion (Dkt. # 31) and separate "*Irby* Notice" (Dkt. # 34), as well as the Court's scheduling order (Dkt. # 35), gave plaintiff ample notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. There is no question that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to defendant's arguments and factual allegations. He has not done so, however, and in fact has ceased to prosecute the case at all, which is the principal reason why his prior counsel was permitted to withdraw.[2] Since plaintiff has not responded to the motion, the Court may accept the truth of defendant's factual allegations, and determine whether defendant is entitled to summary judgment. *See Pettus v. McGinnis*, 533 F.Supp.2d 337, 338–39 (W.D.N.Y.2008).

## II. Defendant's Motion

The second amended complaint (Dkt. # 19-8) alleges that plaintiff injured his right big toe in September 2005, and that defendant denied his requests to be placed in Willard's medical dormitory and to be excused from participation in mandatory physical exercise. Plaintiff alleges that he has suffered pain and continuing injury as a result of defendant's refusal. Based on these allegations, plaintiff asserts a claim against Medina alleging that Medina violated plaintiff's rights under the Eighth Amendment to the United States Constitution.

█ The Eighth Amendment protects incarcerated individuals from being subjected to cruel and unusual punishment. Such punishment may include prison officials' deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

█ To make out such a claim, however, an inmate must establish both that he suffered from a "serious medical need," *i.e.*, " 'a condition of urgency' that may result in 'degeneration' or 'extreme pain,' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994)), that the defendant both knew of and disregarded that serious need, *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir.2005), and that in doing so, the defendant had a culpable state of mind and intended wantonly to inflict suffering. *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

█ Plaintiff has failed to make such a showing. The uncontradicted evidence submitted by defendant shows that plaintiff did receive medical treatment for his complaints of pain in his toe and other problems from late September through

---

**2.** The New York State Department of Correctional Services internet Inmate Lookup website, *http://nysdocslookup.docs.state.ny.us*, indicates that plaintiff was released on parole in June 2008.

December 2005, after which he was transferred to a different facility. *See* Defendant's Rule 56.2 Statement (Dkt. # 32) ¶ 9 and exhibits cited therein. Willard records submitted by defendant indicate that plaintiff was assigned to the unit where Medina worked only for about two weeks in late September and early October 2005, that Medina did send plaintiff to the nurse on September 26, 2005, after plaintiff had complained of pain in his toe, and that Medina did not violate the physical restrictions placed on plaintiff by facility medical staff. Defendant's Rule 56.2 Statement ¶¶ 11–14; Medina Declaration (Dkt. 31) ¶¶ 3–5. In short, there is no evidence from which a factfinder could conclude that plaintiff has established any of the elements of an Eighth Amendment claim.

### CONCLUSION

Defendant's motion for summary judgment (Dkt. # 31) is granted, and the complaint is dismissed.

IT IS SO ORDERED.