08-4433-pr
West v. Goord

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand eleven.

PRESENT: JOHN M. WALKER, JR.,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

JAMES M. WEST,
         Plaintiff-Appellant,

         -v.-                                    08-4433-pr

GLENN S. GOORD, et al.,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      SARAH P. KENNEY (Douglas F. Broder, on the brief), K&L Gates LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:     MARTIN A. HOTVET, Assistant Solicitor General (Eric T. Schneiderman, Attorney General, Andrea Oser, Deputy Solicitor General, and Barbara D. Underwood, Solicitor General, on the brief), Office of the Attorney General for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, <u>Ch. J.</u>) entered August 15, 2008, dismissing the action "for plaintiff's failure to prosecute."

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case is **REMANDED**.

We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Defendant-appellant James West, an inmate at Five Points Correctional Facility in Romulus, New York, commenced this action below, pro se, against certain New York State correctional officials pursuant to, <u>inter alia</u>, 42 U.S.C. §§ 1983, 1985, and 1986, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 <u>et seq</u>. West filed a 58-page complaint. On October 31, 2005, the district court (Elfvin, <u>J.</u>) <u>sua sponte</u> dismissed the complaint, granting West leave to file an amended complaint, not to exceed fifteen pages in length, within thirty days. West filed an amended complaint, within the page limit, on January 9, 2006.

Defendants moved to dismiss the amended complaint or for a more definite statement. On September 26, 2007, the district court granted the motion to the extent it sought a more definite statement. West filed a second amended complaint, also limited to fifteen pages, on November 20, 2007.

On November 29, 2007, defendants moved to strike the second amended complaint pursuant to Fed. R. Civ. P. 12(f) and to

dismiss it pursuant to Fed. R. Civ. P. 12(e). On December 6, 2007, the district court (Scott, Mag. J.) ordered West to respond to the motion by January 4, 2008. The order warned West that the complaint "may" be dismissed for failure to prosecute if he failed to respond to the motion. The order also, however, attached a notice, pursuant to Irby v. New York City Transit Authority, 262 F.3d 412 (2d Cir. 2001), providing detailed instructions on how to oppose a motion for summary judgment (the "Irby Notice"). The Irby Notice instructed West to submit affidavits and other admissible evidence.

West sought an extension of time until April 14, 2008 to oppose defendants' motion. West referred to the Irby Notice and stated that he was "perplexed or puzzled" by the court's scheduling order. The district court (Scott, Mag. J.) granted the extension, setting February 22, 2008 as the deadline for West to oppose defendants' motion to dismiss; it again attached an Irby Notice to its order.

West did not meet the February 22, 2008 deadline. On April 24, 2008, the magistrate judge issued a report and recommendation recommending that the case be dismissed for lack of prosecution (the "R&R"). The R&R concluded: "The plaintiff has clearly ceased to take any steps to prosecute this case." Within the ten-day period for objecting to the R&R, West requested an extension of time, without specifying whether he was seeking an extension to object to the R&R or to oppose defendants' motion. The district court treated the request as

–3–

one for an extension of time to object to the R&R, and granted it until June 5, 2008.

On June 4, 2008, West filed a memorandum of law and affidavit (with exhibits) opposing defendants' motion to dismiss. As directed in the Irby Notices, West responded to defendants' motion to dismiss as if it were a motion for summary judgment.

On August 14, 2008, the district court issued an order adopting the R&R. The district court concluded:

> Upon a de novo review of the [R&R], and after reviewing the submissions of the parties, the Court adopts the proposed findings of the [R&R]. Plaintiff's objections address only the merits of his case and do not provide any acceptable justification for failing to file a response to defendants' motion to dismiss the second amended complaint.

This appeal followed, and West was assigned counsel for the appeal.

Dismissal of a pro se complaint for failure to prosecute is a "harsh remedy" that should be utilized only in "extreme situations." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted); accord Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]eference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme.").

We review a district court's dismissal of an action for failure to prosecute for abuse of discretion. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009). In conducting this review, we focus on "whether: (1) the plaintiff's failure to prosecute

–4–

caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) [defendants were] likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Ruzsa v. Rubenstein & Sendy Att'ys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). No one factor is dispositive, and we must review the dismissal in light of the record as a whole. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). While a district court is not required to discuss each of the factors explicitly, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." See Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001) (internal quotation marks omitted).

We conclude that here the district court abused its discretion. The district court did not discuss all five factors. We consider them now.

First, the delay was approximately three-and-a-half months. The deadline was February 22, 2008, and West did not submit his opposition until June 4, 2008. This was, however, the first time that West had missed a deadline, and some of the delay was undoubtedly due to confusion caused by the district court's twice sending West an Irby Notice directing him to respond as if defendants had moved for summary judgment when they had moved only to dismiss or for a more definite statement. Under the circumstances, the delay was not of "significant duration."

Second, although the magistrate judge's December 6, 2007 order did give notice that "the complaint may be dismissed" if West failed to respond to the motion, the notice was brief and equivocal and, again, was combined with the confusing Irby Notice.

Third, defendants have not alleged that they were prejudiced by the delay.

Fourth, the district court did not balance the need to alleviate court calendar congestion against West's right to an opportunity to be heard, and nothing in the record suggests that such a balancing would have weighed in favor of dismissal.

Finally, the district court did not discuss the efficacy of lesser sanctions. The record shows that West had been actively pursuing his claims, and that he eventually opposed, albeit belatedly, defendants' motion to dismiss. The magistrate judge's finding, adopted by the district court, that "plaintiff has clearly ceased to take any steps to prosecute this case" was wrong.

Weighing the five factors and all the circumstances of the case, we conclude that West's delay in opposing defendants' motion to dismiss was not so "extreme" as to warrant the "harsh remedy" of dismissal for failure to prosecute. On remand, the district court may want to consider defendants' motion to dismiss or strike the second amended complaint on the merits, based on the parties' submissions.

Accordingly, the judgment of the district court dismissing the second amended complaint for failure to prosecute is VACATED, and the case is REMANDED to the district court for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK