*Thomas v. Officer E. Jacobs*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-four.**

**PRESENT:**

> **PIERRE N. LEVAL,**
> **MICHAEL H. PARK,**
> **EUNICE C. LEE,**
> *Circuit Judges.*

_____

**James Thomas,**

> *Plaintiff-Appellant,*

> v.                                                                          **22-512**

**Officer E. Jacobs, Sgt. Miller, Superintendent William Keyser, Nurse Lescano, Sgt. Milisauskas, John Does 1-5 C.O., All at Sullivan Correctional Facility,**

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | SHILOH RAINWATER (John E. Roberts, Mark D. Harris, *on the brief*) Proskauer Rose LLP, New York, NY, Boston, MA. |
| **FOR DEFENDANTS-APPELLEES:** | BLAIR GREENWALD, Assistant Solicitor General (Barbara D. Underwood, Solicitor |

General & Judith N. Vale, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Plaintiff-Appellant James Thomas, proceeding pro se below, brought claims that he was subjected by correction officers to excessive force, sexual abuse, an unreasonable search, and disparate treatment in violation of the Fourth, Eighth and Fourteenth Amendments after he was strip frisked in a correctional facility in February 2019. Defendants-Appellees moved for summary judgment. When they did so, they provided Thomas with a form notice required by the U.S. District Court for the Southern District of New York's Local Civil Rule 56.2. But that rule also requires that a counseled litigant moving for summary judgment against a pro se litigant provide the full text of Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. Appellees failed to do this. The district court noted their error but determined that the notice that was provided was sufficient and granted Appellees' motion. Thomas appeals, arguing that he should have been provided the full text of the rules and that without it he did not understand what he needed to do to contest the motion for summary judgment properly. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The failure to give actual notice to a pro se litigant of the consequences of not responding adequately to a summary judgment motion will usually constitute grounds for vacatur. Where, however, a pro se litigant has demonstrated a clear understanding of the nature and consequences

of a summary judgment motion and the need to set forth all available evidence demonstrating a genuine dispute over material facts, failure to provide proper notice will be deemed harmless." *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (cleaned up). "Where the proper notice has not been given, the mere fact that the *pro se* litigant has made some response to the motion for summary judgment is not dispositive where neither his response nor other parts of the record reveal that he understood the nature of the summary judgment process." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999).

Here, the Court finds that there is no real dispute that Thomas's response to Appellees' motion did not "demonstrate[] a clear understanding of the nature and consequences of a summary judgment motion." *Jova*, 582 F.3d at 414. Thomas filed a single page "Answer to Defendants['] Motion for Summary Judgment" that did not include any evidence. App'x at A333. Thus, the only question is whether Thomas received proper notice despite Appellees' failure to satisfy the requirements of Local Civil Rule 56.2.

Thomas did not receive adequate notice of the nature of summary judgment proceedings because nothing he received told him that he needed to present evidence as to "*every* genuine issue of material fact that he wished to preserve for trial." *Vital*, 168 F.3d at 621 (reversing a grant of summary judgment and remanding). The materials Thomas received told him that he needed to submit evidence to oppose summary judgment, but not that he needed to do so with specificity— *i.e.*, as to each material fact. Without that information, he was inadequately informed of what he needed to do to oppose summary judgment. Once the district court recognized that Appellees' notice was deficient, the district court then erred by deeming the inadequate notice to be harmless because Thomas's submission did not demonstrate his clear understanding of the requirements of Rule 56. *See Irby v. N.Y.C. Trans. Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) ("[T]he failure to

3

provide the *pro se* [non-moving] party with notice of *the requirements* of Rule 56 of the Federal Rules of Civil Procedure, and the *consequences of noncompliance* therewith, will result in vacatur of the summary judgment, no matter how meritorious, unless the movant shows (or it is obvious to the court) that the *pro se* [party] was aware of this rule's requirements." (emphasis added)).

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4