Archie C. **CULTON** Jr., Plaintiff–
Appellant,

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES,** Defendant–Appellant.

No. 07–1427–cv.

United States Court of Appeals, Second Circuit.

Nov. 10, 2008.

Archie C. Culton, Jr., pro se.

Denise A. Hartman, Assistant Solicitor General, (Nancy A. Spiegel, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Andrew Cuomo, Attorney General, on the brief) State of New York, Office of the Attorney General, Albany, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges and BRIAN M. COGAN,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Archie C. Culton, Jr., proceeding *pro se,* appeals a March 6, 2007

of New York, sitting by designation.

order of the District Court dismissing his lawsuit with prejudice for failure to prosecute—to wit, for failure to attend pretrial conferences and failure to comply with discovery requirements pursuant to Rule 26 of the Federal Rules of Civil Procedure. *See* ROA doc. 21, (Report and Recommendations of the Magistrate Judge) (emphasis added); *id.* doc. 30, (Order on Motion to Dismiss) (adopting the proposed findings of the Report and Recommendation); *see also* FED. R. CIV. P. 26 (requiring timely disclosure of, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information"). We assume parties' familiarity with the facts and the procedural history of this case.

We construe plaintiff's pleadings liberally. *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir.2008) (noting that "when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally" (internal quotation marks omitted) (alterations in original)). On appeal, plaintiff contends that the District Court erred in granting defendant's motion to dismiss for failure to prosecute because plaintiff's counsel, who at plaintiff's request ultimately withdrew from this matter, *see* ROA doc. 23 (letter from counsel to the District Court), failed to attend to pre-trial matters, in accordance with plaintiff's wishes.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order." FED. R. CIV. P. 41(b). We review for abuse of discretion a district court's dismissal of an action for failure to prosecute under Rule 41(b). *Wynder v. McMahon,* 360 F.3d 73, 76 (2d Cir.2004). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir.2001).

The District Court, in a report and recommendation by Magistrate Judge Foschio, offered a careful explanation of its decision in light of the relevant factors. *See United States ex rel. Drake v. Norden Systems, Inc.,* 375 F.3d 248, 254 (2d Cir. 2004) (listing five factors to be considered prior to dismissal of an action for failure to prosecute). We have examined the record in this case, and, for substantially the same reasons as the District Court, we hold that dismissal was appropriate. Therefore, the order of the District Court dismissing this lawsuit with prejudice is hereby **AFFIRMED.**