11-4198-cv
*Hunter v. New York State Dep't of Corrs. Servs.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:
    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    DEBRA A. LIVINGSTON,
       *Circuit Judges.*

————————————————————

ODESSA E. HUNTER,

   *Plaintiff-Appellant,*

      v.             No. 11-4198-cv

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES,

   *Defendant-Appellee.*

————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ROBIN NUNN, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | KATHLEEN M. TREASURE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY. |

Appeal from judgment of the United States District Court for the Western District of New York (Kenneth Schroeder Jr., *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 20, 2011 judgment of the District Court granting summary judgment for defendant-appellee is **AFFIRMED**.

Plaintiff-appellant Odessa Hunter ("plaintiff" or "Hunter") appeals from an order dismissing her complaint alleging unlawful employment discrimination for failure to prosecute, after she failed to respond to multiple discovery requests and correspondence from opposing counsel; failed to respond to a motion for summary judgment; and failed to respond to a motion to dismiss her complaint for failure to prosecute. Hunter proceeded *pro se* before the District Court. On appeal, however, we appointed *pro bono* counsel. We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review "a dismissal for failure to prosecute [pursuant to Rule 41(b) of the Federal Rules of Civil Procedure] for abuse of discretion."[2] *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). Although review for abuse of discretion "suggests great deference," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), we have recognized that dismissals under Rule 41(b) are "harsh remedies that are appropriate only in extreme situations," *Wynder v. McMahon*, 360 F.3d 73, 79 n.10 (2d Cir. 2004) (alterations and internal quotation marks omitted), and that district courts therefore "should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535.

---

[1] On March 3, 2010, this case was assigned to Magistrate Judge Schroeder for all purposes with the consent of the parties. *See* 28 U.S.C. § 636(c).

[2] Rule 41(b) permits a district court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with . . . a court order." Fed. R. Civ. P. 41(b).

In reviewing a Rule 41(b) dismissal, we consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis*, 564 F.3d at 576 (quotation marks omitted). "[N]one of the five factors is separately dispositive," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001), and while a district court is not required to expressly discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning," *Lucas*, 84 F.3d at 535. Here, the District Court discussed three of these five factors. We address each of the factors in turn.

(1) Delay of significant duration. The District Court noted, in its order of September 16, 2011, that "with the exception of submitting to a deposition in June 2010, [over 14 months earlier]," plaintiff had not taken any action to prosecute her case since attending a May 10, 2010 Preliminary Pretrial Conference following which the District Court entered a Case Management Order setting forth the discovery deadlines plaintiff subsequently ignored.[3] The District Court did not err in finding this delay to be one of significant duration. *See, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004) (17-month delay was inexcusably long); *cf. LeSane*, 239 F.3d at 211 (describing cases "involv[ing] delays of many months" as among the "more egregious" examples of a failure to prosecute).

---

[3] On appeal, Hunter argues that since defendant-appellee ("defendant") filed its motion to dismiss less than a week after the deadline for her to respond to a pending motion for summary judgment, her delay was actually only less than one week. Appellant's Br. 18. The District Court, however, did not grant the Rule 41(b) motion, which was filed in February 2011, until September 2011 and clearly accounted for plaintiff's inactivity in the approximately seven months after the defendant had filed its Rule 41(b) motion—as well as the approximately seven months of inactivity by plaintiff that occurred *prior* to defendant's motions for summary judgment and dismissal under Rule 41(b)—in concluding that there had been a delay of significant duration.

(2) Notice that further delay could result in dismissal. The record reveals that Hunter received at least two notices that her action could be dismissed for a failure to prosecute: i) defendant-appellee's ("defendant") January 14, 2011 motion for summary judgment included a detailed, three-page notice, pursuant to our decision in *Irby v. New York City Transit Authority*, 262 F.3d 412, 413 (2d Cir. 2001) (per curiam), that plaintiff's complaint could be subject to dismissal, and ii) defendant's February 24, 2011 motion to dismiss for failure to prosecute, which gave notice of intent to "dismiss[] this action with prejudice for failure to prosecute." Plaintiff cites our decision in *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), to argue that the notice provided here was "brief and technical," *id.* at 210, and therefore insufficient to alert Hunter that her "case would be dismissed if there was further delay," *Drake*, 375 F.3d at 255 (emphasis omitted). We disagree. Plaintiff received not only the more detailed *Irby* notice (which included a message that the court's *Pro Se* Office could assist her) with defendant's motion for summary judgment, but was also sent the more succinct notice of a Rule 41(b) motion to dismiss just five weeks later. On these facts, we find that even a layperson would have been put on notice of the possibility of dismissal.

(3) Likely prejudice to the defendant in the event of further delay. The District Court did not specifically address the likely prejudice to defendant. While such prejudice may often be presumed, *see Drake*, 365 F.3d at 256, we decline to do so in this instance, as the record suggests that this litigation was also delayed at times by the defendant. Therefore, this factor did not support dismissal of plaintiff's complaint.

(4) Balancing congestion against the need for plaintiff's "day in court." The District Court did not explicitly address this factor in its order of September 16, 2011. We note, however, that the District Court afforded plaintiff seven months to respond to defendant's motion to dismiss for failure to prosecute before granting the motion, demonstrating that "the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in

4

court." *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) (finding the fourth prong satisfied where the district court delayed dismissal for twenty days).

(5) Lesser sanctions. The District Court stated that it could conceive of "no lesser sanction than dismissal" to effectively address plaintiff's failure to prosecute. On appeal, plaintiff argues that a more appropriate sanction for failing to respond to a motion for summary judgment would have been to treat all of defendant's assertions in its motion for summary judgment as true, and proceed directly to summary judgment. Appellant's Br. 23. While it is true that "resolutions on summary judgment . . . are generally to be preferred to dismissals under Rule 41(b)," *LeSane*, 239 F.3d at 211, we note that in this case plaintiff's inactivity, for over seven months, in response to defendant's motion for summary judgment was nearly coextensive with her failure to respond, in any manner, to defendant's Rule 41(b) motion to dismiss. Accordingly, we find no error in the District Court's decision to dismiss plaintiff's action for failure to prosecute rather than proceed to summary judgment.

Upon reviewing these five factors, and according Hunter the special consideration given to *pro se* litigants, we conclude that the District Court did not err in dismissing Hunter's complaint. Hunter had multiple opportunities—and ample time—to pursue her claims before the District Court and elected not to do so.

## CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 20, 2011 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5