Cindy L. LEWIS, Plaintiff,

v.

LIVINGSTON COUNTY, Defendant.

6:12–CV–6111 EAW

United States District Court,
W.D. New York.

Signed January 12, 2016

Michelle Yvonne Cimino, Rochester, NY, for Plaintiff.

Jeremy A. Colby, Thomas M. Lewandowski, Webster Szanyi, LLP, Buffalo, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

Plaintiff Cindy L. Lewis ("Plaintiff") brings this action against Livingston County ("Defendant") alleging violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12201 *et seq.*, for purported discrimination and retaliation based on her alleged disability. (Dkt.27). Presently before the Court is Defendant's second motion to dismiss for lack of prosecution, pursuant to Fed.R.Civ.P. 41(b). (Dkt.53). For the following reasons, Defendant's motion is granted.

### BACKGROUND

Plaintiff filed her original complaint against the Livingston County Center for Nursing and Rehabilitation on February 29, 2012, alleging violations of the ADA, the New York State Human Rights Law (N.Y.SHRL), and retaliation. (Dkt.1). On June 25, 2014,

the Court granted in part and denied in part Defendant's motion to dismiss the complaint. (Dkt.26). The Court dismissed Plaintiff's NYSHRL claims, but denied the motion with respect to Plaintiff's ADA and retaliation claims. The Court also granted Plaintiff's motion to amend her complaint (Dkt.12) to substitute Livingston County as the Defendant. The Court directed Plaintiff to file her amended complaint within 14 days of entry of the Decision and Order. (Dkt. 26 at 26). Plaintiff failed to file her amended complaint within that Court-ordered deadline.

On August 25, 2014, the Court contacted counsel regarding the status of the amended complaint. Plaintiff eventually filed her amended complaint on September 5, 2014. (Dkt.27). After obtaining a brief extension (Dkt.29), Defendant filed an answer on September 29, 2014 (Dkt.30), and the case was referred to the Honorable Jonathan W. Feldman, United States Magistrate Judge, for the supervision of discovery (Dkt.31).

On December 8, 2014, Judge Feldman entered a scheduling/case management order directing that the parties complete discovery by October 30, 2015, and file dispositive motions by December 6, 2015. (Dkt. 35 at ¶¶ 4–6).

On May 19, 2015, Defendant filed a motion to compel, requesting a court order directing Plaintiff to comply with Defendant's discovery demands, pursuant to Fed.R.Civ.P. 37. (Dkt. 38 at 1). Defendant had served Plaintiff with its initial discovery demands on March 3, 2015, including Defendant's first set of interrogatories, first request for production and inspection, and a demand for expert information. (Dkt. 42–1 at ¶ 10; Dkt. 42–2 at 2). Plaintiff failed to respond to Defendant's discovery demands. (Dkt. 42–1 at 11). Prior to filing its motion to compel, defense counsel sent Plaintiff's counsel two follow-up letters on April 10, 2015 and May 1, 2015, asking for responses to the demands. (Dkt. 42–1 at ¶ 12; Dkt. 42–2 at 4–5). After receiving no response, defense counsel attempted to contact Plaintiffs counsel by telephone on May 14, 2015. (*Id.* at ¶ 14). Plaintiffs counsel failed to return the telephone call or otherwise respond to defense counsel's inquiries. (*Id.*).

Judge Feldman set a scheduling order on the motion to compel (Dkt.39); however. Plaintiff failed to respond. In its reply brief, Defendant requested that in light of Plaintiffs refusal to comply with her discovery obligations, the Court issue a conditional order pursuant to Fed.R.Civ.P. 37(b)(2)(A), stating that the Court will strike Plaintiff's complaint and/or dismiss the action if Plaintiff fails to provide discovery responses. (Dkt. 40 at ¶ 6).

Judge Feldman granted Defendant's motion to compel on June 29, 2015, and ordered Plaintiff to provide the outstanding discovery responses within 30 days of entry of the Order ("the June 29th Order"). (Dkt.41). Plaintiff failed to comply.

On August 14, 2015, as a result of Plaintiff's failure to comply with the June 29th Order, Defendant filed a motion to dismiss for lack of prosecution, arguing that Plaintiff had repeatedly failed to respond to discovery requests or otherwise participate in the litigation. (Dkt.42). The Court set response and reply deadlines (Dkt.43), and scheduled oral argument for October 28, 2015 (Dkt.44). Plaintiff failed to respond to the motion to dismiss within the timeframe set by the Court.

Then, on October 27, 2015, one day before oral argument on Defendant's motion to dismiss, Plaintiff filed a cross-motion for an extension of time to complete discovery, and for adjournment of the hearing on Defendant's motion to dismiss. (Dkt.45). That same day, defense counsel filed a declaration opposing Plaintiffs motion for an extension, indicating that at the very least, the Court should order Plaintiff to pay Defendant's attorneys' fees incurred in connection with the motion practice and failure to provide discovery. (Dkt. 46 at ¶ 11).

The Court denied Plaintiff s request for an extension (Dkt.47), and the appearance went forward as scheduled on October 28, 2015 (Dkt.49). Plaintiff's counsel contended that she was unable to respond to Defendant's discovery demands because she was having difficulties communicating with her client. The Court reserved decision on the motion to dismiss and scheduled a further appearance

for November 13, 2015, at which Plaintiff was required to be personally present. (Dkt.48). The Court also directed Defendant to file a statement of its attorneys' fees incurred in connection with filing its motion to compel and motion to dismiss, which Defendant filed on November 9, 2015. (Dkt.50).

Plaintiff was present at the November 13, 2015 hearing. (Dkt.52). At that time, the Court denied Defendant's motion to dismiss for lack of prosecution, but granted Defendant its reasonable attorneys' fees incurred in connection with its motion to compel and motion to dismiss. (Dkt.51). The Court also ordered Plaintiff to respond to any outstanding discovery requests by December 3, 2015. (*Id.*). The Court issued its decision from the bench, which was then memorialized in a Text Order entered on November 16, 2015 ("the November 16th Order"). (Dkt.51).

On December 14, 2015, Defendant filed a second motion to dismiss for lack of prosecution, contending that Plaintiff had still not responded to the outstanding discovery in repeated violation of this Court's Orders. (Dkt.53). In its motion, Defendant represented that on December 1, 2015, Plaintiffs counsel emailed defense counsel requesting an extension of time to serve the discovery responses, to December 4, 2015. (Dkt. 53–2 at 4–5). Defendant agreed to Plaintiff's request, but Plaintiff failed to provide responses by that extended date. (Dkt. 53–1 at ¶ 34). The Court set response and reply deadlines for Defendant's second motion to dismiss, and scheduled oral argument for January 5, 2016, at which Plaintiff was required to be personally present with her counsel. (Dkt.54). Plaintiff failed to file any papers in opposition to the second motion to dismiss.

Defendant filed a reply to its second motion to dismiss on December 28, 2015. (Dkt.55). In its reply, Defendant represented that Plaintiff's counsel emailed defense counsel on December 21, 2015, and attached (1) a document consisting of a handwritten letter from Plaintiff to a "board of supervisors," and (2) two authorizations for the release of Plaintiff's medical records. (Dkt.55-1). Defendant contended that these disclosures were "woefully inadequate" if they were intended to serve as discovery responses as, by way of example, there was still no written response to any of the outstanding discovery.

At the return date of the second motion to dismiss on January 5, 2016, at which both Plaintiff and her counsel were present, Plaintiff's counsel again contended that she was having difficulty communicating with Plaintiff. The Court also questioned Plaintiff regarding whether she wanted to continue pursuing her case. After consulting with her attorney, Plaintiff stated that she did not wish to continue pursuing her lawsuit. The Court indicated that in light of the fact that Plaintiff had failed to comply with various Court Orders, as well as her expressed desire to discontinue her case, it would grant Defendant's motion to dismiss. (Dkt.56). This Decision and Order memorializes the Court's January 5, 2016, on-the-record ruling.

### DISCUSSION

Fed.R.Civ.P. 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order...." Fed.R.Civ.P. 41(b). "Although Rule 41(b) does not define what constitutes a 'failure to prosecute,' the Second Circuit Court of Appeals has stated that such failure 'can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.'" *Rivera v. Fisher,* No. 09–CV–00552A(F), 2013 WL 3989457, at *3, 2013 U.S. Dist. LEXIS 109732, at *8 (W.D.N.Y. July 11, 2013), *adopted,* 2013 U.S. Dist. LEXIS 109011 (W.D.N.Y. Aug. 2, 2013) (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982)). Whether to grant a motion to dismiss for failure to prosecute is a matter committed to the discretion of the district court. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'" *Mack v. Rochester City Sch. Bd.,* No. 14–CV–6262–FPG, 2015 U.S. Dist. LEXIS 40445, at *4

(W.D.N.Y. Mar. 30, 2015) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir.2004)).

 Before dismissing a case pursuant to Rule 41(b), the district court must weigh five factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 Fed.Appx. 35, 36 (2d Cir.2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.2014)). "Generally, no single factor in the analysis is dispositive." *Id.* Here, consideration of these five factors supports dismissal.

With regard to the first factor, the Court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir.2001). Here, Plaintiffs noncompliance with Court orders began over one year ago in July 2014, when she failed to timely file her amended complaint with the Court. Only after receiving contact from the Court almost two months later did Plaintiff file her amended complaint. Plaintiff's noncompliance continued during discovery, when she failed to respond to Defendant's discovery, failed to file a response to Defendant's motion to compel, and failed to comply with the Court's June 29th Order. Most recently, Plaintiff has not filed any written opposition to either of Defendant's two motions to dismiss, and she failed to comply with this Court's November 16th Order directing Plaintiff to comply with the outstanding discovery obligations by December 3, 2015. Even when defense counsel granted Plaintiff's counsel's request for a further extension of that deadline, Plaintiff still failed to comply.

Plaintiff's failure to provide responses to Defendant's discovery demands served in March 2015 has resulted in a ten-month delay of the case, which is sufficient to justify dismissal for failure to prosecute. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d Cir.2008) (affirming dismissal for failure to prosecute where, *inter alia*, the plaintiff caused a " 'delay of significant duration' in th[e] litigation, as the proceedings ground to a halt for over seven months as a result of his inaction...."); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.1980) (upholding dismissal where the plaintiff caused six-month delay); *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y.2013) (finding that a delay in prosecuting the action for seven months "weigh[ed] heavily in favor of dismissal.").

Plaintiff was on notice of the Court's discretion to dismiss the complaint for her failure to comply with court orders and discovery. In Defendant's reply in support of its motion to compel, Defendant requested a conditional order pursuant to Fed.R.Civ.P. 37(b)(2)(A). More recently, Defendant filed two motions to dismiss for failure to prosecute, to which Plaintiff failed to respond, and Plaintiff was put on notice at the October and November 2015 court appearances that her case could be dismissed if she failed to prosecute her case.

With regard to the third factor, due to Plaintiff's failure to take any action to move her case forward, the case has been unnecessarily delayed since Defendant served its first discovery demands in March 2015, approximately ten months ago. There is no indication that Plaintiff intends to participate in her case in the future, as almost one year has passed since she took any meaningful action to move her case forward. *See Crawn v. Town of Wallkill*, No. 07 Civ. 1032(GAY), 2013 WL 3227216, at *2, 2013 U.S. Dist. LEXIS 89985, at *5 (S.D.N.Y. June 26, 2013) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience.") (citation omitted); *see also Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir.1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law. ...."). Indeed, Plaintiff has been given numerous opportunities to continue to pursue her case and com-

ply with discovery orders, and at the most recent Court appearance she expressed her decision to no longer pursue the litigation.

The Court has considered the fourth factor, and balanced its own interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard. Plaintiff was afforded multiple opportunities to explain why she had not responded to Defendant's discovery demands, and why her action should be permitted to proceed. Plaintiff did not avail herself of these opportunities, other than to cite to communication difficulties between herself and her attorney. *See Ware v. City of Lackawanna*, No. 08–CV–720A(F), 2013 WL 1221323, at *4, 2013 U.S. Dist. LEXIS 44090, at *10 (W.D.N.Y. Mar. 5, 2013), *adopted*, 2013 WL 1222053, 2013 U.S. Dist. LEXIS 41714 (W.D.N.Y. Mar. 25, 2013) (the plaintiff's failure to "move this case along," including the failure to provide responses to the defendant's outstanding discovery demands despite a court order directing plaintiff to respond "more than adequately establishes that this case serves as nothing more than to congest the court's docket and divert the court's attention from other matters."). It "is not an efficient use of the Court's ... resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Crawn*, 2013 WL 3227216, at *2, 2013 U.S. Dist. LEXIS 89985, at *5 (citation omitted).

Finally, as to the fifth factor, since Plaintiff has repeatedly failed to comply with this Court's Orders, even after an award of attorneys' fees in favor of Defendant, there is no less drastic sanction that could be imposed that would be effective under the circumstances. Plaintiff has repeatedly failed to respond to Defendant's discovery demands, even after the Court awarded sanctions in favor of Defendant. *See Karpio v. Bernzomatic Corp.*, No. 12–CV–699S, 2015 WL 1808605, at *4, 2015 U.S. Dist. LEXIS 52334, at *8 (W.D.N.Y. Apr. 21, 2015) ("Upon reviewing the entire record, it is this Court's opinion that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff and his attorney have repeatedly ignored directives by failing to appear in court, failing to file responses as directed, and failing to meet mediation and discovery obligations. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective."); *Ware*, 2013 WL 1221323, at *4, 2013 U.S. Dist. LEXIS 44090, at *10–11 (fifth factor weighed in favor of dismissal because the plaintiff "demonstrated no interest in pursuing this matter amounting to virtual abandonment given the fact that Plaintiff has repeatedly, and without any explanation, ignored court-ordered discovery and has otherwise failed to appear in this action or to communicate with Defendant's counsel. Taken as a whole, Plaintiff's past derelictions support a finding that if the action is not dismissed, Plaintiff is unlikely to prosecute the matter in the future with any more diligence than was forthcoming from Plaintiff in the past.").

Many courts have found that dismissal is warranted based on a plaintiff's failure to respond to discovery demands and for noncompliance with court orders. *See Hunter v. N.Y.S. Dep't of Corr. Servs.*, 515 Fed.Appx. 40, 44 (2d Cir.2013) (affirming district court's dismissal of *pro se* plaintiff's employment discrimination action for failure to prosecute, after she failed to respond to several discovery requests and correspondence from opposing counsel, failed to respond to a summary judgment motion, and failed to respond to a motion to dismiss her complaint for failure to prosecute); *Culton v. N.Y.S. Dep't of Corr. Servs.*, 299 Fed.Appx. 96, 97 (2d Cir.2008) (affirming dismissal of lawsuit for failure to prosecute based on the plaintiff's failure to attend pretrial conferences and failure to comply with discovery requirements); *Chira*, 634 F.2d at 666–68 (dismissal warranted where the plaintiff did nothing to move the case forward within the six-month discovery period set by the court); *Cook v. ESL Fed. Credit Union*, No. 11–CV–6446L, 2012 U.S. Dist. LEXIS 184522, at *4–5 (W.D.N.Y. Dec. 19, 2012), *adopted*, 2013 U.S. Dist. LEXIS 5323 (W.D.N.Y. Jan. 14, 2013) (dismissing action for failure to prosecute where the plaintiff "failed to comply with three court orders—the first setting a deadline for plaintiff to respond to outstanding interrogatories; the second setting deadlines to respond to

defendant's motion to compel and for oral argument on that motion; and, the third setting a deadline to respond to the show cause order—and otherwise has shown no intention to prosecute this matter over the past nearly six months."); *Myvett v. Rosato*, No. 03 Civ. 2379(LAP)(GWG), 2004 WL 1354254, at *2, 2004 U.S. Dist. LEXIS 10952, at *6–7 (S.D.N.Y. June 16, 2004), *adopted*, 2004 U.S. Dist. LEXIS 32295 (S.D.N.Y. July 19, 2004) ("That nearly a year has elapsed since [the plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal").

## CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice, pursuant to Fed. R.Civ.P. 41(b). The Clerk of Court is directed to close the case.

SO ORDERED.